## Case No. 312.

### AMERICAN NICHOLSON PAVEMENT CO. v. ELIZABETH et al.

[4 Fish. Pat. Cas. 189;[1] 18 Pittsb. Leg. J. 85.]

Circuit Court, D. New Jersey. June, 1870.

PATENTS FOR INVENTIONS—PRELIMINARY INJUNCTION — FORMER JUDGMENT AND DECREE — INFRINGEMENT—PAVEMENT.

1. A former judgment and decree, although against other parties, raises a strong presumption that the patent is valid. A former decree, coupled with the fact that the right of the patentee has been extensively acknowledged, is sufficient to establish prima facie the title of the patentee, and justify a preliminary injunction against any clear infringement. It must be held as to all matters directly adjudicated by former decrees, that they make a prima facie case against the defendant.
[Cited in Page v. Holmes Burglar Alarm Tel. Co., 2 Fed. 337.]

2. A preliminary injunction is always an extraordinary exercise of judicial powers. Its purpose is to preserve the existing state of things until the rights of the parties can be fairly investigated. It is not to be used for any other purpose.
[Cited in Page v. Holmes Burglar Alarm Tel. Co., 2 Fed. 337; R. E. Dietz Co. v. C. T. Ham Manuf'g Co., 47 Fed. 322.]

3. A preliminary injunction looks forward to a trial, and when it is of no importance to preserve things as they are when the injunction is asked for, it will not be granted.
[Cited in Page v. Holmes Burglar Alarm Tel. Co., 2 Fed. 337.]

4. A preliminary injunction ought never to be issued unless the right of a patentee is an established or admitted one, and unless the alleged invasion of the right is proved beyond reasonable doubt.
[Cited in R. E. Dietz Co. v. C. T. Ham Manuf'g Co., 47 Fed. 322; Stahl v. Williams, 52 Fed. 651.]

5. There are cases in which change of form may destroy a combination, as those in which form is necessary to secure the beneficial result, and where a change of form of one or more of the things combined works a different result.

6. Upon a motion for a preliminary injunction, it is not without weight that experts differ in opinion respecting the matter.

7. A preliminary injunction against infringement can not be resorted to for the purpose of compelling a city to give a contract to the complainants rather than to their competitors, though the latter were the lowest bidders.

[8. Cited in Sargent Manuf'g Co. v. Woodruff, Case No. 12,368, to the point that a grant of letters patent raises a presumption that the invention patented is not an infringement of an earlier patent.]

[In equity. Bill by the American Nicholson Pavement Company against the city of Elizabeth, N. J., George W. Tubbs, and the New Jersey Wood Pavement Company, for an injunction and an account for the alleged infringement of patent No. 11,491. Heard on motion for a provisional injunction. Motion denied. Subsequently, upon the merits, decree was entered for complainant, (American Nicholson Pavement Co. v. City of Elizabeth, Case No. 311;) and, upon exceptions to the master's report, a decree was entered for complainant for a specific amount, (Id. 309.) Defendants appealed to the supreme court, where that decree was reversed as to the city of Elizabeth and George W. Tubbs, but affirmed as to the New Jersey Wood Pavement Company, the other defendant. City of Elizabeth v. American Nicholson Pavement Co., 97 U. S. 126. For a report of hearing upon an application for the determination of the amount of security to be given on an allowance of an appeal to the supreme court, see American Nicholson Pavement Co. v. City of Elizabeth, Case No. 310.]

This was a motion for a provisional injunction to restrain the defendants from infringing letters patent for an "improved wooden pavement," granted to Samuel Nicholson, August 8, 1854, reissued December 1, 1863, again reissued August 20, 1867, and extended to the administrator of Nicholson for seven years from August 8, 1868, and assigned, for a portion of the state of New Jersey, to complainants. The claims of the original and first reissued patents will be found in the report of the case of Nicholson Pavement Co. v. Hatch, [Case No. 10,-251.] The claims of the last reissue were as follows: "I. Placing a continuous foundation or support, as above described, directly upon the roadway, then arranging thereon a series of blocks having parallel sides, endwise in rows, so as to have a continuous narrow groove or channel-way between each row, and then filling said grooves or channel-ways with broken stone, gravel, and tar, or other like materials. II. The formation of a pavement by laying a foundation directly upon the road-way, substantially as

---

[1][Reported by Samuel S. Fisher, Esq., and here reprinted by permission.]

described, and then employing two sets of blocks, one a principal set of blocks, that shall form the wooden surface of the pavement when completed, and an auxiliary set of blocks or strips of board, which shall form no part of the surface of the pavement, but determine the width of the groove, between the principal blocks, and also the filling of said groove, when so formed between the principal blocks, with broken stone, gravel, and tar, or other like material. III. Placing a continuous foundation or support, as above described, directly upon the roadway, and then arranging thereon a series of blocks having parallel sides, endwise in a checkered manner, so as to leave a series of checkered spaces or cavities between said blocks, and then filling said checkered cavities with broken stone, gravel, and tar, or other like material. IV. The formation of a pavement by laying a foundation directly upon the road-way, substantially as above described, and then employing two sets of blocks, viz: one a principal set of blocks that shall form the wooden surface of the pavement; but determine the dimensions of the tasselated cavities between the principal blocks, and then filling said tasselated cavities with broken stone, gravel, and tar, or other like material."

B. Williamson and C. A Seward, for complainants.

A. Dutcher and Keller & Blake, for defendants.

Before STRONG, Circuit Justice, and McKENNAN, Circuit Judge.

STRONG, Circuit Justice. This is a motion for a preliminary injunction to restrain the defendants from making or constructing a wooden pavement containing the improvements and inventions described in a patent owned by the complainants, and set forth in their bill. The affidavits and exhibits presented in support of the motion show, that on August 8, 1854, a patent was granted to Samuel Nicholson for an improved wooden pavement; that in 1863 this patent was surrendered, and new letters patent were issued for the same invention; that in 1867 the reissued letters were surrendered, and other letters patent were issued for the remainder of the term of fourteen years; that the letters last mentioned were extended to the administrator of Nicholson for a period of seven years from August 8, 1868, and that the complainants have, by assignment, become the owners of the exclusive right to make, construct, and use, and to vend to others the right to make, construct, and use, the invention and the improved wooden pavement described in the original and reissued patents, during the extended term, in all the state of New Jersey, except within the corporate limits of Jersey City. It further appears that the improvement thus patented has been exclusively used in numerous cities and towns in the United States. in subordination to the claim of Nicholson to an exclusive right in himself, and that the validity of the reissued patent of 1863 was established as against the city of Chicago, in a suit brought by Nicholson, in the northern district of Illinois, against said city for an alleged infringement, in which a final decree was entered January 7, 1867, in favor of the patentee, and against the defendants. for twenty-nine thousand seven hundred and thirty dollars and thirty cents. From this decree an appeal was taken to the supreme court of the United States, but the appeal was subsequently withdrawn. It further appears that after the reissue of 1867, Nicholson filed a bill in the circuit court against the defendants, viz: The city of Chicago, complaining of an infringement of that reissued patent, and that after issue had been joined on a denial of its validity, and after proof had been taken, a decree was made against the city, and subsequently the city accepted a license, agreeing to pay a royalty for all subsequent use of the improvement. Though these suits were against other parties, and though the defendants in this case are still at liberty to contest the validity of the patent, the judgment and the decree entered against the city of Chicago raise a strong presumption that the patent is valid. Coupled with the fact already noticed, that the right of the patentee has been extensively acknowledged, and that many pavements have been laid down in subordination to it. they are sufficient to establish, prima facie, the title of the patentee, and to justify a preliminary injunction against any clear infringement, unless it is made to appear that the title of Nicholson was not fairly in controversy in the suits wherein they were made, or that some material fact was not known when the cases were tried, and was not then considered. There is no reason to suspect that the judgment and decree were collusively obtained, and, therefore, they are entitled to all the weight that is usually attributed to decrees in such cases. It must be held that as to all matters directly adjudicated by them, they make a prima facie case against the defendants. But the validity of the patent is now assailed for a reason that was not urged when those decrees were obtained.

It now appears that in 1849, English letters patent were granted to John Hosking for an improved wooden pavement, which the complainants admit is substantially the same as that patented to Nicholson in 1854. True, the specifications of Hosking's pavement was not enrolled until March, 1850; but that was more than four years before the patent to Nicholson. The issue of this English patent was a fact not known when the litigation was in progress in the circuit court of Illinois, and its effect upon the plaintiff's claim has never been determined. Models of the Hos-

king and of the Nicholson pavements have been exhibited to us, and we can not doubt that if the form of the short block or strip between the long blocks, separating them and thus forming a groove, is not a substantial part of the Nicholson combination, and if it is not essential to that combination that the long block and short block, or strip, should have parallel sides throughout, with no rebate in the long blocks, the Hosking and the Nicholson pavement are the same in principle. And such is the evidence. It is not necessary, however, to enlarge upon this, for it is conceded that unless the right granted to Nicholson relates back to a time anterior to the Hosking patent, it must fail. To reach this, and to show that the invention of Nicholson was prior to the issue of the Hosking patent, the complainants have shown that Nicholson filed a caveat on May 2, 1847, in which he claimed that he was then engaged in perfecting an invention for wooden pavements, and filed with the caveat a description of his invention. This was seven years before his patent issued, but it is now insisted that the patent relates back to the caveat. We are not prepared to concede such an effect to Nicholson's caveat. On examining the description it gave of this alleged invention, we find that it mentioned only a pavement having a chequered surface, with alternate open spaces cubical in form, of about four inches by four. It makes no allusion to continuous channels or grooves, which, as well as cubical cells, are described in the specifications of the patent afterward issued, and which are described in the Hosking patent. Whether the two combinations, the one of long blocks and short blocks laid alternately so as to form cells, and the other of long blocks and short blocks, or strips, laid so as to form continuous channels or grooves, are substantially the same combination; whether they are one invention, so that a description of the first gives notice of the other, we are not prepared to determine. Nor are we willing, at this stage of the case, to decide what is the effect of long delay to apply for a patent after a caveat has been filed. Certainly, if the Hosking patent was granted before Nicholson invented the combination of a grooved pavement, such as was described in the patent issued to him in 1854, the complainant's title to the improvement, which they allege the defendants have infringed, is not clear. There is, however, evidence that Nicholson's invention of the grooved pavement was made as early as 1848, and consequently before the English patent to Hosking. It is found in a pamphlet issued by Nicholson, in 1857, in which he asserts that he laid down such a pavement in Boston early in July, 1848. This pamphlet we understand the defendants to have used for another purpose on the hearing of this motion. If the fact inserted in it be established, it may be very material to the inquiry whether the patent of 1854 is affected at all by the earlier patents to Hosking. But we do not propose to enter at length upon this part of the case, for if it be assumed that nothing has been shown to rebut the prima facie case made out by the complainant's patent, the use under it, and the adjudications made in the circuit court of the United States for the northern district of Illinois; if the title of the complainants to the exclusive use of the thing patented to Nicholson is sufficiently established, we are still of opinion that the present motion ought to be overruled. A preliminary injunction is always an extraordinary exercise of judicial powers. Its purpose is to preserve the existing state of things until the rights of the parties can be fairly investigated. It is not to be used for any other purpose. It looks forward to a trial, and when it is of no importance to preserve things as they are when the injunction is asked for, it will not be granted. It ought never to be issued unless the right of a patentee is an established or admitted one, and unless the alleged invasion of the right is proved beyond reasonable doubt.

In Parker v. Sears, [Case No. 10,748,] it was laid down by Mr. Justice Grier that no interlocutory injunction should issue unless the complainant's title and the defendant's infringement are admitted, or are so palpable and clear that the court can entertain no doubt on the subject. His language was still more emphatic to the same effect in Goodyear v. Dunbar, [Id. 5,570.] We do not feel disposed to depart from the rule laid down in these cases, especially as it commends itself to our convictions of right. Applying it to the present case, we are to inquire whether, if the title of the complainant is unquestionable, the defendants are clearly guilty of an infringement. Is this made out so fully that we can say there is an undoubted infringement? The defendants are acting under a patent granted to Brocklebank & Trainor, January 12, 1869. It ought to be assumed that they are doing only what they believe they have a right to do. Whether this belief is well founded or not, whether the combination patented to Brocklebank & Trainor is, as they assert, a different combination from that invented by Nicholson, is a vital question upon which the parties are directly at issue. The grant of letters patent, in 1869, to Brocklebank & Trainor, was virtually a decision of the patent office that there is a substantive difference between their invention and that patented to Nicholson. It raises a presumption that building a pavement according to the claims of the later patentees, is not an infringement of the earlier patents. This presumption, though it may be overthrown, is not to be disregarded in considering a motion for a preliminary injunction. It is noticeable that the improvement claimed in the patent of 1869 is the entire combination that makes up a wooden pavement. The patent is not for an improvement on a combination

previously made. What is claimed is "the combination of the bed (foundation), transverse strips and vertical blocks, when the latter are rebated, on one or both sides, and either with dovetailed rebates or otherwise, and the said strips fitted to the rebates and secured to the bed for the purpose of forming the wooden pavement." Thus the patent is not for an addition, but for an entire combination. We are now asked to decide that the patent is only for a colorable change of the combination patented to Nicholson, and to decide this at the beginning of the case. It may be that is so; but that it is, can not be said to be clear. There is certainly a change of form of the constituents of the combination, if there is not a difference in the mode of arrangement. Doubtless, change of form of the constituents of a combination is often no substantial change. It may be only the substitution of an equivalent. The combination remains the same, though the form of the things combined greatly varies. But there are cases in which a change of form destroys the combination. They are those in which form is necessary to secure the beneficial result, and when, of course, a change of form of one or more of the things combined works a different result. There is considerable reason for the belief that Nicholson's combination demands blocks or strips of certain shapes or form, as essential to it, and that it contemplates blocks and strips having parallel sides throughout, without rebates in either. This was necessary to secure one of the avowed advantages of his invention—its cheapness of construction. Now it is very evident that the combination of the Brocklebank & Trainor patent works a different result in two important particulars from that obtained by the Nicholson combination. It distributes the pressure upon the surface of the pavement over a larger base, and it guards against a displacement of the strips or short blocks that separate the long blocks. This is effected by the defined forms of the constituents of the combination. The rebated long block and the strip, or short block, so fashioned as to be fitted to the rebate, are, perhaps, something more than mere equivalents.

It is true that the strip answers one of the purposes which the strip answers in the Nicholson pavement. It separates the long blocks, and thus forms a groove; but it is not necessarily for that reason substantially the same in the combination. In Eames v. Godfrey, 1 Wall. [68 U. S.] 78, which was an action for an infringement of a patent for a combination, it was ruled that the defendant had a right to use any of the parts of the patented combination if he did not use the whole, and that if he used all the parts but one, and for that substituted another mechanical structure substantially different in its construction and operation, but serving the same purpose, he was not guilty of an in-

fringement. So, in Prouty v. Ruggles, 16 Pet. [41 U. S.] 341, which was an action for an infringement of a patent for an improvement in the construction of a plow, use of all the parts of which the combination was made was held essential to constitute an infringement. The language of the court in that case is, in part at least, applicable here. There, as well as here, the combination only was claimed. It was composed of parts arranged with reference to each other in the manner described; and Chief Justice Taney said: "The use of any two or three parts only, or of two combined with a third, which is substantially different in form or in the manner of its arrangement and connection with the others," was not the use of the thing patented. The parts of Brocklebank & Trainor's improvement are different in form from those of Nicholson's; their arrangement is different, and so is their connection with each other. It is not, therefore, clear that in using the improvement the defendants are infringing any rights of the complainants. It is not without weight that experts differ in opinion respecting the matter. Mr. Treadwell testifies that in his opinion, and for reasons given by him, the Elizabeth pavement (that of which the complainants complain) is substantially different from the Nicholson pavement described in the last Nicholson reissue, and referred to in the first and second claims thereof. Other witnesses are of a different opinion, but it is manifest that we ought not now to decide the question summarily.

We come the more readily to this conclusion because the complainants can not be injured by our refusal to enjoin the defendants now, especially if the refusal be upon terms with which the defendants offer to comply. On the contrary, it may be for their interest that the pavement be laid. The proofs show that the Nicholson pavement can not be laid on Newark avenue. The law of the state and the action of the property holders on the line of the avenue forbid it. But, if in putting down the Brocklebank & Trainor pavement, the Nicholson improvement is used, as the complainants contend it will be, they may recover compensation for its use. We have said nothing of the appearance this motion has of being an attempt to compel the city of Elizabeth to give the contract for paving to the complainants rather than to their competitors in bidding for it, though the bid of their competitors was lowest. A preliminary injunction against infringement can not be resorted to for any such purpose.

The injunction will, therefore, be refused, if the defendants give a bond in the penal sum of thirty thousand dollars, conditioned for the payment of such sum (if any) as may be decreed in favor of the complainants on the final hearing of this cause. The bond to be filed with the clerk of the court, and to be approved by the clerk or by a judge of the

court within twenty days after notice of this order.

[NOTE. For a note in reference to the patents involved in this litigation, see American Nicholson Pavement Co. v. City of Elizabeth, Case No. 309.]