## R. E. DIETZ Co. *et al. v.* C. T. HAM MANUF'G Co.

(*Circuit Court, N. D. New York.* August 4, 1891.)

PATENTS FOR INVENTIONS—INFRINGEMENT—INJUNCTION.
    Where, in a suit to restrain the infringement of two letters patent, **complainants'** title is uncertain, and the patents have never been adjudicated, proof of acquies-cence is inadequate, infringement is not conclusively established, and defendant's financial ability is unquestioned, a preliminary injunction will not issue.

In Equity.    Motion for preliminary injunction.

Action by the R. E. Dietz Company and the Steam-Gauge & Lantern Company against the C. T. Ham Manufacturing Company, to restrain the infringement of two letters patent.    Preliminary injunction denied.

The complainants sue for infringement of two letters patent, No. 287,-932 and No. 450,444, granted to Charles J. Higgins and Lewis F. Betts, November 6, 1883, and April 14, 1891, respectively, for improvements in tubular lanterns.    The distinguishing feature of the Higgins patent, No. 287,932, consists "in supporting the globe in a frame composed of a collar, rods to which said collar may be pivoted, and the supporting-base connected directly by the said rods to the said collar, the frame being hinged to the oil reservoir, and movable laterally from the lantern without moving the air-tubes, burner, or oil reservoir."    In other words, the glass globe instead of being raised from the burner is tipped over laterally, thus exposing the burner so that the wick may be trimmed or lighted.    The patentee says further:

"The globe, E, of usual shape, has its upper end fitted into a collar or ring, *a,* herein shown as pivoted upon the side rods, *b, b,* so that the said collar or ring embracing the said globe at top may be turned, tilted, or sprung, or tipped off from the top of the globe when it is desired to reach the latter. * * * It will be noticed that the globe is held in a frame-work composed of the collar, *a,* rods, *b, b,* and plate or support, F, and that the said rods are arranged, as I prefer them, at the front and rear sides of the globe, to thus act as guards for the latter. * * * It is obvious that the rods or connec-tions between the perforated plate or support for the bottom of the globe and the collar which holds the top of the globe may be variously modified, so as to permit the collar to be turned or moved off the top of the globe to release the same without departing from my invention."

It will be observed that the patentee makes the tilting collar, *a,* which is everywhere referred to as holding the top of the globe in place, a very prominent feature of the invention.    The first claim is as follows:

"(1) In a lantern, the globe, E, supported in and movable with a frame composed of the collar, *a,* rods, *b, b,* to which said collar may be pivoted, and the supporting-base, F, connected directly by the said rods to the said collar, the frame being hinged to be tilted laterally, substantially as shown and de-scribed."

The second claim is for a narrower combination.

The patent was assigned to complainants on the 17th of February, 1890, but there is evidence tending to show that several years prior thereto the patentee granted a conditional exclusive license to one John

H. Stone or to the Matthews & Willard Company, of Waterbury, Conn., and the papers fail to show, conclusively, that the license is not now outstanding. The patent to Betts, No. 450,444, is intended to cover improvements upon the Higgins lantern. The defendant's alleged infringing lantern is made, it is asserted, under letters patent allowed by the patent-office but not yet issued. The complainants move for a preliminary injunction. The motion is opposed upon the following grounds: (1) The complainants' title is defective, (2) the patents are void for want of novelty, and, (3) they are not infringed.

*E. S. Jenney* and *W. S. Jenney,* for complainants.

*Melville Church* and *Fred F. Church,* for defendant.

Coxe, J. Enough of the prior art was disclosed upon the hearing of the motion to show that this industry is crowded to repletion. An immense number of patents for lanterns has been granted, many of them covering slight and, apparently, trivial changes in form and construction. The valuable feature of the Higgins lantern is that it permits the globe to to be tilted laterally without disintegrating the tubular frame of the lantern; but the patent has never passed through the crucible of judicial investigation and it is possible that a trial may invalidate the patent or compel a narrow construction of the claims. The complainants have sought to supply the want of a decision sustaining the patent by attempting to show acquiescense on the part of the public. No lantern in exact accordance with the Higgins description, drawings and claims was ever placed upon the market. The lantern regarding which acquiescence is shown was made, under several patents, by the Matthews & Willard Company, holding at that time a license from Higgins or Stone, but the court is not quite convinced that this lantern is the lantern of the Higgins patent. If a broad construction is given the patent it might be held to cover this lantern, but if limited to a construction having the annular collar, *a,* holding the top of the globe, the rods, *b, b,* pivoted to said collar and connecting it directly to the supporting-base, F, as shown in the drawings and described in the specification, it is not easy to see how acquiescence can be predicated of the large sales alleged to have been made by the Matthews & Willard Company. If this form of lantern would not infringe the Higgins patent the fact that no one attempted to interfere with its manufacture and sale must be attributed to something besides the public respect for the Higgins patent. It is clearly shown that Stone, or his assigns, at one time had an exclusive license to manufacture and sell under the Higgins patent. The agreement of Higgins with Stone and of Stone with the Matthews & Willard Company were all recorded in the patent-office. If the yearly payments of license fees were made by Stone he still possesses such an interest in the patent as, at least, to require him, or his assigns, to be made parties to the bill. *Hammond* v. *Hunt,* 4 Ban. & A. 111; *Clement Manuf'g Co.* v. *Upson & Hart Co.,* 40 Fed. Rep. 471; *Nellis* v. *Manufacturing Co.,* 13 Fed. Rep. 451; Walk. Pat. § 400; *Rice* v. *Boss,* 46 Fed. Rep. 195, and cases cited. If the first claim is confined to the precise arrangement shown and described the defendant

does not infringe. Defendant's lantern does not have the collar, *a*, if the word "collar" is construed to be synonymous with "ring," and its supporting rods are not pivoted to the collar. It is not intended to intimate that the defendant's contention is right in these respects, but only that the question of infringement is not entirely free from doubt. The patent to Betts is but three months old; too young to be considered upon this motion.

To recapitulate: The complainants' title is involved in some obscurity; the patents have never been adjudicated; the proof of acquiescence is inadequate, and infringement is not conclusively established. Where these circumstances concur, and the defendant's financial ability is unquestioned, a preliminary injunction should not issue, except in extraordinary circumstances. If the court can see that there is any likelihood that the defendant may succeed on final hearing it should not permit the writ of injunction to issue. *Brown* v. *Hinkley*, 6 Fish. Pat. Cas. 370; *Keyes* v. *Smelting, etc., Co.*, 31 Fed. Rep. 560; *Neilson* v. *Thompson*, Webst. Pat. Cas. 278; *Tillinghast* v. *Hicks*, 13 Fed. Rep. 388; *Pavement Co.* v. *City of Elizabeth*, 4 Fish. Pat. Cas. 189; *Upton* v. *Wayland*, 36 Fed. Rep. 691; *Hurlburt* v. *Carter*, 39 Fed. Rep. 802; Walk. Pat. § 665; 3 Rob. Pat. 560. It is probably true that the complainants have reason to complain of the defendant's course, but such considerations should not override the well-settled principles of law applicable to motions of this character. The motion is denied.