LEONARD v. SIMPLEX ELECTRIC HEATING CO. et al.

(Circuit Court, S. D. New York. December 1, 1905.)

JUDGMENT—RES JUDICATA—PATENTS—SUIT FOR INFRINGEMENT.

　　The bill in a suit for infringement of a patent alleged that defendant claimed the right to make the alleged infringing articles by virtue of another patent, and that the same was void, because for the same invention, and granted on a later application than complainant's. Defendant, however, did not set up such patent as a defense, nor were any proofs taken in relation thereto. *Held*, that a decree for complainant in the suit was not an adjudication upon the validity of such patent, which was not within the issues, and did not constitute a bar to a subsequent suit between the same parties for its infringement.

　　[Ed. Note.—For cases in point, see vol. 30, Cent. Dig. Judgment, §§ 1263, 1265.

　　Operation and effect of decree in equitable suits for infringement of patents, see note to Westinghouse Electric & Mfg. Co. v. Stanley Instrument Co., 68 C. C. A. 541.]

In Equity. On plea.

Kenyon & Kenyon, for complainant.
Duncan & Duncan, for defendants.

WALLACE, Circuit Judge (orally). I am prepared to decide this case now. The plea of the defendants is interposed to so much of the bill of complaint as alleges infringement of the Carpenter patent, granted February 24, 1891. The plea sets up an estoppel by a prior adjudication in 1895 in a suit in the United States Circuit Court for the District of Connecticut between persons with whom the parties to the present suit are in privity. The complainant has filed a replication to this plea, and upon the proofs taken upon the issue thus joined the general question is whether the facts set up in the plea are true. In disposing of the case I shall treat the Connecticut suit as one between persons with whom the parties to the present suit are in privity, giving to the decree the effect it would have had if the present parties had been formally parties thereto. The plea alleges that the Connecticut decree adjudged that the Carpenter patent was void as being for the same invention as that of the patent to Morford, granted January 17, 1893, and wrongfully issued because Morford was an earlier inventor, and his application was pending at the time in the patent office. The Connecticut decree did not, in terms, adjudge the Carpenter patent to be void, or refer to that patent in any way. The decree itself and the pleadings in the cause are all the evidence there is from which to ascertain the findings of the court.

　　The law of res adjudicata has nowhere been better stated than in Cromwell v. County of Sac, 94 U. S. 351, 24 L. Ed. 195, in its bearing upon the questions at present involved. The opinion in that case clearly points out the difference between the effect of a judgment as a bar or estoppel against the prosecution of a second action upon the same claim or demand, and its effect as an estoppel in another action between the same parties upon a different claim or cause of action. In the former case the judgment, if rendered upon the merits, constitutes an absolute bar to a subsequent action. "It is a finality as

to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. But where the second action between the same parties is upon a different claim or demand, the judgment in the former action operates as an estoppel only as to those matters in issue or points controverted upon the determination of which the finding was rendered."

The present suit is not upon the same claim or demand as that which was the subject of the former suit, but proceeds upon the theory that the Carpenter patent is valid, and that the present defendants have infringed it. This being so, the former decree operates as an estoppel only as to those matters which were controverted in that action and necessarily determined by the decree. There was no issue in that suit presented by the pleadings respecting the validity of the Carpenter patent. The bill indeed alleged that the defendants therein claimed the right to make articles infringing the Morford patent under the authority of the Carpenter patent; that the latter patent was wrongfully issued while the application for the Morford patent was pending; that the application for each patent was for the same invention; and that Morford was the earlier inventor. The bill did not distinctly aver that the two patents as issued were for the same invention, but for present purposes it may be assumed that this was the purport of the averments. All these averments were by way of anticipation of a supposed defense which might be interposed to the bill. They were necessary only to enable the complainant to give evidence of the facts in the event that the defendants asserted the Carpenter patent as a defense. The defendants, however, did not assert the Carpenter patent as a defense, or as a partial defense, or as defensive matter of any kind. No proofs were adduced to such an issue, and if there had been they would have been outside the issue raised by the pleadings. It follows that whether the Carpenter patent was a valid patent, or whether it was for the same invention as that described and claimed in the Morford patent, are questions which were not before the court. This being so, it is clear that neither question was necessarily determined by the decree. In the case (United States & Foreign Salamander Felting Co. v. Asbestos Felting Co.) cited from 4 Fed. 813, decided by Judge Blatchford, the decree in the former suit was an express adjudication upon the point involved in the second suit, to wit, the invalidity of the Reilly patent; the Reilly patent having been set up as a defense in the former suit. So in the other cases which have been cited, the former adjudication distinctly determined the matter in dispute. These cases in no way conflict with the views I have expressed.

These considerations render it unnecessary to consider the effect of the disclaimer which has been filed by the present complainant with a view of limiting the claim of the Carpenter patent. The defense set up by the plea is not proved, and the defendant must answer the part of the bill to which it was interposed.

The complainant is entitled to the costs of the plea.