SIMPLEX ELECTRIC HEATING CO. v. LEONARD et al.

(Circuit Court, S. D. New York.   May 9, 1910.)

1. PATENTS (§ 328*)—CONSTRUCTION AND INFRINGEMENT—ELECTRIC INSULA-
TORS.

The Morford patent, No. 490,034, for an improvement in electric insula-
tors, which consists generally in embedding electric conductors in an
enamel of insulating material that is made to adhere to the device that is
to be heated by or otherwise used in connection with an electric current,
and which serves to insulate the conductors while connecting them to
the device, in view of the prior art and the amendment of the specifica-
tion required by the Patent Office, is not a primary one, and the claims
must be limited to an enamel which excludes glass in any form and which
in its use acts as an insulator for the conducting wires from the plate
or support and also to imbed such wires in such a way as to secure them
thereto.   As so construed, *held* not infringed.

2. PATENTS (§ 112*) — INFRINGEMENT — PRESUMPTION FROM GRANT OF LATER
PATENT.

The grant of a patent raises a presumption that the device described
and claimed therein is not an infringement of an earlier patent.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 162–165; Dec.
Dig. § 112.*]

In Equity.   Suit by the Simplex Electric Heating Company against
H. Ward Leonard, the Ward Leonard Electric Company, and the Car-
penter Enamel Rheostat Company.   Decree for defendants.

See, also, 148 Fed. 1023.

Duncan & Duncan, Frederick S. Duncan, and Harry L. Duncan, for
complainant.

Edwards, Sager & Wooster, Clifton V. Edwards, and Lawrence K.
Sager, for defendants.

HAZEL, District Judge.   The bill charges the joint infringement
by the defendants of patent No. 490,034 of January 17, 1893, issued
to Thomas E. Morford and the Enamel Insulator Company for elec-
tric heater or improvement in electric insulators.   The specification
states:

"The invention, stated generally, consists in embedding electric conductors
in an enamel of insulating material that is made to adhere to the device
that is to be heated by or otherwise used in connection with an electric cur-
rent and which serves to insulate the conductors while connecting them to
the device."

To establish the validity of the said patent and its infringement by
the defendants and as an absolute bar to the main defenses interposed
herein, the complainant chiefly relies upon a prior litigation between
the former owners of the Morford patent and the Carpenter Enamel
Rheostat Company brought for the infringement of the Morford pat-
ent.   The complainant claims that the defendant H. Ward Leonard
practically owns and controls the Carpenter Enamel Rheostat Com-
pany and the Ward Leonard Electric Company, and that he personally
instigated the infringements of the patent in suit by which he and his
codefendants profited.   There is evidence tending to show that on Jan-

uary 7, 1896, the Carpenter Company assigned to the defendant Leonard the Carpenter patent No. 447,023, which was involved in the prior litigation for infringement of the Morford patent, and that he gave back to the assignor an exclusive license to manufacture rheostats and resistance units. Afterwards, in the year 1896, the Carpenter Company sold its machinery and tools to the Ward Leonard Electric Company of New Jersey, which was organized and controlled by the defendant Leonard, who owned a major portion of its capital stock, had charge of the affairs of the corporation, and was its president. Said company was afterwards succeeded by the Ward Leonard Electric Company of New York, of which the defendant Leonard is president and manager, and associated with others owns its capital stock; Leonard owning the major portion thereof. There were numerous legal propositions argued at the bar relating to the personal liability of the individual defendant, the effect of the former adjudication as concluding the defendants to deny the validity of the Morford patent and its infringement by them, to the title of complainant in the Morford patent, estoppel by complainant to bring the action, laches, and to the introduction of improper and irrelevant testimony, but it is only deemed necessary to pass upon the scope of the claims in controversy and whether the rheostats and resistance units manufactured by the Ward Leonard Electric Company infringed the patent in suit.

In the suit pending in the United States Circuit Court for the district of Connecticut, involving the Carpenter patent and to which the defendant H. Ward Leonard was in privity, it was adjudicated that the claims of the Morford patent were valid and infringed. The court did not hold that the Carpenter patent was invalid, or that it was for the identical invention described in the Morford specification and claims. This was practically decided by Judge Wallace in Leonard v. Simplex Electric Heating Co. (C. C.) 145 Fed. 946, who had before him a plea interposed by the defendants to the bill which averred infringement of the Carpenter patent by the complainant in this action. Such being the situation, the scope of the claims in controversy may properly be ascertained for the purpose of determining whether the resistance units and rheostats manufactured by the defendants are an infringement thereof. Said claims read as follows.

"1. In an electro-heating apparatus, the combination, with the heated-surface plate and the resistance, of a coating of enamel or its equivalent securing the resistance to, but insulating it from said plate, substantially as set forth.

"2. In an electro-heating apparatus, the combination, with the plate to be heated and the resistance, of a coating of adhesive enamel or its equivalent for securing the resistance to, but insulating it from said plate, substantially as set forth.

"3. In an electrical apparatus, the combination with a supporting body and an electric conductor, of a coating of enamel or its equivalent securing the conductor to while insulating it from the body, substantially as set forth."

Claims 1 and 2 in terms are limited to an electric heating apparatus of metal or other material, while claim 3 is without any limitation, and broadly includes the combination of elements in an electric apparatus. The Patent Office at first rejected claim 3 on the ground that the antecedent art disclosed the invention, but on appeal the board of examin-

ers allowed it, requiring the patentee, however, to incorporate a restricted definition of the words "of enamel or its equivalent" in the specification. Acquiescing in this action of the Patent Office the specification says:

"In using the term 'enamel' I refer to any of the adhesive substances commonly employed to produce on the surface of metallic and other objects an adherent coating or film usually called an enamel, and which is made permanent by heating it after its application; but I prefer to use such substances as are commonly applied to iron-ware in the manufacture of cooking utensils, generally known as granite-ware. However, I do not regard as equivalents glass or such other vitreous substances as have not the capability of requisite adhesion to the body they coat, and the property of expanding and contracting with it sufficiently to avoid breaking of the insulation."

Such disclaimer must be taken as a substantial admission that the use of enamel as a coating on an apparatus for embedding layers or strands of wire in which glass or its equivalents are used to form the inclosing material was old at the date of the invention in suit. The action of the Patent Office was principally based upon the English patent No. 85 of 1882, which specifies glass and shows how it may be treated as the equivalent of enamel. In such patent the wires are coated with vitreous material to insulate one from the other, but the examiner held that it does not secure the conductor to the conducting body. The disclaimer in suit makes clear I think that what the patentee intended was to include enamel which contains no glass or glass ingredients, and to thereby differentiate his invention from that of the prior art. The legal effect of the disclaimer was to narrow claim 3 to the precise method of manufacture and to enamel having the restricted meaning given it in the specification.

There were other patents of the prior art such as the patent to Newton, No. 119,093, not cited by the examiner, which shows that it was not new to cover a conductor in an electrical apparatus with an insulating material of glass or of a material in which glass was an ingredient. The defendants also cite the patents to Paige, No. 394,207, to Alberger, Nos. 201,477 and 211,681, and to Arbogast, No. 220,907, from which it appears that the combination of the claims as literally expressed was old. Giving due consideration to the proceedings in the Patent Office, the object of the patentee as stated in his specification, and the evidence, I conclude that the patent was not a primary one, and the claims must be limited to an "enamel" which excludes glass in any form and which in its use acts as an insulator for the conducting wires from the plate or support and also to imbed such wires in such way as to secure them thereto.

The resistance tubes manufactured by the Ward Leonard Electric Company are of porcelain. The wire is wound around them, and, to prevent its deterioration, they are covered by a coating of glass. The resistance tubes are in no sense heating apparatuses, nor have they heated surface plates within the meaning of claims 1 and 2. The tube is not a conductor and the coating placed thereon does not perform the office of securing the conductor thereto while at the same time operating as an insulator as in complainant's device, nor are the rheostats of the defendant's manufacture an infringement of the Morford

patent. The insulating coating of the rheostats apparently acts as an insulator between the iron and the wire, but it does not hold the wire in place. It is of a vitreous substance, having various ingredients, and it is subjected to treatment before it is applied to the iron. That the coating is one of glass is not disputed. It does not perform the function of attaching an insulating resistance wire to the supporting plate or insulating it therefrom, nor are the plates or supports heated to make them useful as a heating apparatus. According to the defendants' proofs, the rheostats and resistance units were manufactured by the defendant under patents No. 535,532 to Delany, for an enamel to hold the conductor, and Nos. 576,202 and 691,949 to Leonard, for a so-called ground coat, which the evidence shows was not strictly enamel and which is given a glazed coating. It has been held by the Supreme Court in Pavement Co. v. City of Elizabeth, 4 Fish. Pat. Cas. 189, Fed. Cas. No. 312, that the grant of letters patent under circumstances such as here presented raises a presumption that the later patent is not an infringement of the earlier. This rule has frequently been followed and applied. Boyd v. Janesville Hay Tool Co., 158 U. S. 260, 15 Sup. Ct. 837, 39 L. Ed. 973; Kokomo Fence Machine Co. v. Kitselman, 189 U. S. 23, 23 Sup. Ct. 521, 47 L. Ed. 689; Union Match Co. v. Diamond Match Co., 162 Fed. 148, 89 C. C. A. 172.

As the essential elements of the claims in suit as they are herein construed are not found in the defendant's articles of manufacture, it follows that a decree may be entered dismissing the bill, with costs.