BAKELITE CORPORATION et al. v. LU-BRI-ZOL DEVELOPMENT CORPORATION.

No. 107.

District Court, D. Delaware.

July 9, 1940.

Maxwell Barus (of Fish, Richardson & Neave) and F. W. Dodson, both of New York City, and Herbert L. Cohen, of Wilmington, Del., for plaintiffs.

John F. Oberlin, O. C. Limbach, and David K. Ford (of Oberlin, Limbach and Day), all of Cleveland, Ohio, and Hugh M. Morris, of Wilmington, Del., for defendant.

NIELDS, District Judge.

Motion to dismiss or, in the alternative, for summary judgment.

This is a suit for a declaratory judgment respecting six letters patent owned by defendant. For the sake of brevity Bakelite Corporation will be referred to as "Bakelite", Delta Oil Products Company as "Delta" and Filmite Oil Corporation as "Filmite".

The grounds of the motion to dismiss are: (1) The complaint alleges no actual controversy between the parties. (2) Complaint fails to allege a claim upon which relief can be granted. The ground of the motion for summary judgment is the nonjoinder of the Lubri-Zol Corporation, an exclusive licensee and indispensable party, without whom the suit can not proceed.

The Lubri-Zol Development Corporation, the owner of the patents, is an inhabitant of this district. The Lubri-Zol Corporation alleged to be the exclusive licensee is an inhabitant of Ohio. The principal issue in the case is whether a patent owner by granting an exclusive license to an associated company, inhabiting another district, thereby escapes suit for a declaratory judgment as to the validity and scope of its patents.

The complaint alleges that two of the plaintiffs, namely Bakelite and Filmite, are engaged in the manufacture and sale of certain halogenated organic compositions. Bakelite manufactures and sells chlorinated napthalene. Filmite manufactures and sells chlorinated stearic acid mineral oil concentrates. Both sell to lubricating oil compounders for use in lubricating oil compositions. The complaint also alleges that Delta is engaged in the compounding and sale of lubricating oil compositions in which the halogenated organic compounds sold to Delta by the other plaintiffs are incorporated with lubricating oil.

The complaint also alleges that defendant gave written notice of the infringement of its patents to Delta and Filmite demanding cessation of their infringing practices and an accounting of past profits and damages. Complaint further alleges that defendant charged Bakelite with infringement of its patents in selling said halogenated organic compounds to Delta for said use.

The complaint further alleges defendant damaged the business of each plaintiff by asserting to customers and prospective customers that the use of plaintiffs' products in or as lubricating compositions infringed defendant's patents. That said customers and prospective customers refrained from buying plaintiffs' products because of such assertion by defendant.

This suit is the usual suit for a declaratory judgment respecting patents about which an actual controversy exists. Suit is brought by proper plaintiffs against the patent owner in the district of which he is an inhabitant.

If the Lubri-Zol Corporation was an exclusive licensee it would not be an indispensable party to this suit. The Declaratory Judgments Act is silent as to who must be made parties defendant.

 A declaratory judgment suit is not a suit in equity and differs from equity suits in important respects. Absence of an adequate remedy at law is requisite to a suit in equity. That rule is not applicable to suits for declaratory judgments. Rule 57 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides: "The existence of another ade-

quate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate."

Technicalities of equity practice do not prevail in declaratory judgments suits. The Court of Appeals for this circuit states: "Professor Borchard, the 'father' of the declaratory judgment in the United States, correctly, as we think, maintains: 'Declaratory relief is neither legal nor equitable, but sui generis. It has the advantage of escaping the technicalities associated with equitable and extraordinary remedies, thus enabling the substantive goal to be reached in the speediest and most inexpensive form.'" United States Fidelity & Guaranty Co. v. Koch, 3 Cir., 102 F.2d 288, 290.

 It was not the intention of Congress to permit patent owners in patent controversies to avoid the application of the declaratory judgments statute. Jud. Code § 274d, 28 U.S.C.A. § 400. Suits under the act must be brought in federal courts in districts whereof the patent owners are inhabitants. If an exclusive licensee is an indispensable party defendant, the patent owner would always have a defense to suits for declaratory judgments by resorting to the expedient of granting to an associated corporation, an inhabitant of another district, an exclusive license. Or, the owner could keep an exclusive license and assign to the associated corporation title to the patents. Joining exclusive licensees as defendants in patent infringement suits is a technicality only associated with equitable remedies.

If a patent should be sustained in an equity suit for infringement the measure of damages in the accounting would be one measure for the patent owner and a different measure for the exclusive licensee. The rules of equity do not allow the patent owner to recover the damages sustained by his exclusive licensee. Thus the exclusive licensee must be joined to recover his own damages and to prevent a second suit therefor. However, the infringement suit may proceed to final judgment, in the absence of the exclusive licensee, if the infringer does not seasonably object and the licensee does not choose to intervene. In such case the damages will be limited to those suffered by the patent owner.

In a declaratory judgment suit as to the validity and scope of a patent there is no patent accounting and the reason for the equity rule with respect to the joinder of an exclusive licensee does not apply.

Defendant owns and controls the patent situation involved in this suit and has the right and duty under the license to defend suits relating to it in behalf of its licensees. The Lubri-Zol Corporation, if joined, would be merely a nominal party.

Defendant's motion refers to the Lubri-Zol Corporation as an exclusive licensee. The license attached to defendant's motion papers shows that the Lubri-Zol Corporation is not an exclusive licensee, in the sense in which that term is used in the decisions dealing with the joinder of exclusive licensees in equity suits for infringement of patents.

Motion to dismiss must be denied. Motion for summary judgment also must be denied.