Jim Brown **HOLLIDAY**, Plaintiff,

v.

**LONG MANUFACTURING COMPANY,** Inc., Long Supply Company, Inc., Long Tobacco Harvesting Company, Inc., all corporations, and William R. Long, John G. Long, and James O. Hall, individuals, Defendants.

**Civ. No. 340.**

United States District Court
E. D. North Carolina,
Washington Division.

July 29, 1955.

Pritchett & Cooke, Windsor, N. C.,
Harvey B. Jacobson and Kenneth S.
Goldfarb, Washington, D. C., for plain-
tiff.

Henry C. Bourne, Tarboro, N. C., A.
Yates Dowell and A. Yates Dowell, Jr.,
Washington, D. C., for defendants.

GILLIAM, District Judge.

Plaintiff, owner of a patent on a to-
bacco harvester, sues defendants for in-
fringement and asks for an injunction
and damages. Defendants move to dis-
miss under Rule 12(b), 28 U.S.C.A., for
failure to join an indispensable party,
namely, Harrington Manufacturing Com-
pany, Inc., plaintiff's licensee.

By written instrument plaintiff grant-
ed to the Harrington Company for the
life of the patent "exclusive rights to
manufacture and sell" the patented arti-
cle. The agreement stated that the par-
ties "may at their option jointly enter
suit against other parties believed to be
infringing", that the expenses of and the
recoveries in such suits shall be divided
equally between them, and that they may
jointly license others to use the patent
for any purpose, with license fees or roy-
alties to be shared equally.

An indispensable party is one
who has an interest in the controversy of
such a nature that a final decree cannot
be made without either affecting that in-
terest, or leaving the controversy in such
a condition that its final termination may
be wholly inconsistent with equity and
good conscience. Shields v. Barrow, 17
How. 129, 130, 58 U.S. 129, 139, 15 L.Ed.
158; City of Orangeburg v. Southern
Ry., 4 Cir., 134 F.2d 890, 893.

Application of this broad rule in this case must take into account the statutory basis of the action. Jurisdiction is founded on the patent laws, as revised in 1952. 35 U.S.C. § 281, provides that: "A patentee shall have remedy by civil action for infringement of his patent * * *", and 35 U.S.C.A. § 100, defines patentee as including "not only the patentee to whom the patent was issued but also the successors in title to the patentee."

Prior to 1952 the patent law authorized recovery of damages for the infringement of any patent "by action on the case, in the name of the party interested, either as patentee, assignee, or grantee." 35 U.S.C. (1946 ed.) § 67. Injunctions could be issued in proper cases. 35 U.S. C. (1946 ed.) § 70.

The question of indispensable parties in patent litigation is not adequately and clearly settled. Some of the difficulty undoubtedly arises from the wide variety of agreements respecting patents and the absence of precise, commonly understood categorizations of "patentee", "assignee", "grantee", "exclusive licensee", "simple licensee", etc. In Waterman v. Mackenzie, 138 U.S. 252, 255, 11 S.Ct. 334, 335, 34 L.Ed. 923, the Supreme Court set forth the basic divisions in the following language:

"Every patent issued under the laws of the United States for an invention or discovery contains 'a grant to the patentee, his heirs and assigns, for the term of seventeen years, of the exclusive right to make, use and vend the invention or discovery throughout the United States and the territories thereof.' * * The monopoly thus granted is one entire thing, and cannot be divided into parts, except as authorized by those laws. The patentee or his assigns may, by instrument in writing, assign, grant, and convey, either, (1) the whole patent, comprising the exclusive right to make, use, and vend the invention throughout the United States; or (2) an undivided part or share of that exclusive right; or (3) the exclusive right under the patent within and throughout a specified part of the United States. * * * A transfer of either of these three kinds of interests is an assignment, properly speaking, and vests in the assignee a title in so much of the patent itself, with a right to sue infringers. In the second case, jointly with the assignor. In the first and third cases, in the name of the assignee alone. Any assignment or transfer, short of one of these, is a mere license, giving the licensee no title in the patent, and no right to sue at law in his own name for an infringement. * * * In equity, as at law, when the transfer amounts to a license only, the title remains in the owner of the patent; and suit must be brought in his name * *. Any rights of the licensee must be enforced through or in the name of the owner of the patent, and perhaps, if necessary to protect the rights of all parties, joining the licensee with him as a plaintiff." Accord: United States v. General Electric Co., 272 U.S. 476, 489, 47 S.Ct. 192, 71 L.Ed. 362.

■ Of course, whether a transfer is an assignment or a license does not depend on the name given to it by the parties, but on the legal effect of the provisions of the agreement. Waterman v. Mackenzie, supra; Hook v. Hook & Ackerman, 3 Cir., 187 F.2d 52. In the Waterman case, as in this case, the patent owner granted an exclusive license to make and sell the invention, but since the right to use was not specifically included, the transfer is a license, not an assignment.

■ Certain principles with respect to parties in patent cases have become established. The owner of the patent, or his assignee as defined in the Waterman case, is an indispensable party in a patent infringement suit, Independent Wireless

48

Tel. Co. v. Radio Corporation of America, 269 U.S. 459, 46 S.Ct. 166, 70 L.Ed. 357, and where two or more persons own undivided interests in the whole patent, all are indispensable parties. Hurd v. Sheffield Steel Corp., 8 Cir., 181 F.2d 269.

■ An exclusive licensee, that is, a person who has the right to practice the invention and the owner's promise that others shall be excluded, cannot sue in his own name alone but must bring the action in the name of the owner. Independent Wireless Tel. Co. v. Radio Corporation of America, supra. If the owner refuses to institute suit or join therein, the exclusive licensee may make him an involuntary plaintiff, Paul E. Hawkinson Co. v. Carnell, 3 Cir., 112 F.2d 396, or a defendant, Deitel v. Chisholm, 2 Cir., 42 F.2d 172; Radio Corporation of America v. Emerson, 2 Cir., 296 F. 51.

■ On the other hand, a simple, bare or non-exclusive licensee, that is, one who has only the right to practice the invention along with the patentee and other licensees, cannot bring suit for infringement and is not a necessary or proper party in such a suit. Western Electric Co. v. Pacent Reproducer Corp., 2 Cir., 42 F.2d 116; Blair v. Lippincott Glass Co., C.C., 52 F. 226.

■ An exclusive licensee is clearly a proper party in a suit brought by the patent owner asking for equitable relief against infringement in the licensee's territory or field of use, Birdsell v. Shaliol, 112 U.S. 485, 5 S.Ct. 244, 28 L.Ed. 768; Jeoffroy Manufacturing, Inc., v. Graham, 5 Cir., 206 F.2d 772; P. R. Mallory & Company v. Automotive Manufacturers Outlet, Inc., D.C., 45 F.2d 810; Western Electric Co. v. Pacent Reproducer Corp., supra; Radio Corporation of America v. Emerson, supra; Bowers v. Atlantic, Gulf & Pacific Co., 4 Cir., 162 F. 895, and such licensee may intervene as plaintiff. Innis, Speiden & Co. v. Food Machinery Corp., D.C., 2 F.R.D. 261.

As to whether the exclusive licensee is a necessary or indispensable party, there is a difference of opinion. In the quotation from Waterman v. Mackenzie, above, the Court said that perhaps, if necessary to protect the rights of all parties, the licensee should be joined. In Birdsell v. Shaliol, 112 U.S. 485, 486, 5 S.Ct. 244, 245, 28 L.Ed. 768, the Court stated:

"* * * a suit in equity may be brought by the patentee and the licensee together. * * * In a suit in equity brought by the patentee alone, if the defendant seasonably objected to the non-joinder of the licensee, the court might, as Judge Lowell did in Hammond v. Hunt [Fed.Cas.No.6,003], 4 Ban. & A. 111, order him to be joined."

Speaking for the Court in Independent Wireless Tel. Co. v. Radio Corporation of America, Chief Justice Taft said: "Indeed both the owner and the exclusive licensee are generally necessary parties in the action in equity." 269 U.S. 459, 466, 46 S.Ct. 166, 168, 70 L.Ed. 357.

In the lower federal courts P. R. Mallory & Co. v. Automotive Manufacturers Outlet, D.C., 45 F.2d 810, 813; Arey v. Goodyear Tire & Rubber Co., D.C., 11 F.R.D. 209; Chisholm v. Johnson, C.C., 106 F. 191, 212; R. E. Dietz Co. v. C. T. Ham Manufacturing Co., C.C., 47 F. 320; Hammond v. Hunt, Fed.Cas.No.6,003, hold or assert that an exclusive licensee is in at least some infringement cases an indispensable party, while the opposite view is expressed in Bakelite Corp. v. Lubri-Zol Development Corp., D.C., 34 F.Supp. 142; Bowers v. Atlantic, Gulf & Pacific Co., 4 Cir., 162 F. 895; Comptograph Co. v. Universal Accountant Machine Co., C.C., 142 F. 539, reversed on other grounds, 7 Cir., 146 F. 981; Frankfort Whisky Process Co. v. Pepper, C.C., 26 F. 336; Nellis v. Pennock Mfg. Co., C.C., 13 F. 451.

In my opinion, the sounder rule is that an exclusive licensee who falls outside the definition of an assignee in Waterman v. Mackenzie is not an indispensable party plaintiff in an infringement suit brought by the patent owner. The

1952 change in the statute, stressing as it does the right of the patentee as holder of the legal title to bring a civil action for infringement, adds weight to this conclusion.

If suit is brought by the exclusive licensee in the name of the patentee, or by the patentee with the exclusive licensee's consent and concurrence, the exclusive licensee is in effect a party, and the Supreme Court has expressed doubt that after judgment he would be permitted to bring a new suit against the same defendant for the same infringement. Birdsell v. Shaliol, 112 U.S. 485, 487, 5 S.Ct. 244, 28 L.Ed. 768.

Since he is a proper party, the exclusive licensee may in most cases intervene to protect his rights or may be brought in by the Court, and even though he takes no part in a suit for an injunction he is adequately represented by the patentee, who holds the title to the patent in trust for him. Independent Wireless Tel. Co. v. Radio Corporation of America, 269 U. S. 459, 469, 46 S.Ct. 166, 70 L.Ed. 357. Where the exclusive licensee is not a formal or real party in an action for damages, the damages recoverable would be limited to those of the patentee alone. Bakelite Corp. v. Lubri-Zol Development Corp., D.C., 34 F.Supp. 142.

In short, the right of action for infringement is given by statute to the owner of the monopoly, and an infringement suit brought by him may, without joinder of his exclusive licensee, proceed to final judgment, consistent with equity and good conscience. The motion to dismiss for failure to join an indispensable party is denied.

From what has been said, it is manifest that in this, as in many other cases, the exclusive licensee has an interest in the outcome of the litigation and should be joined in order to bring all proper parties before the Court. The agreement between plaintiff and Harrington Manufacturing Company gives the latter the exclusive right to manufacture and sell the tobacco harvester, and defendants' alleged infringement consists of manufacturing and selling. If Harrington is not joined in this suit and plaintiff here recovers against defendants for infringing the patent, defendants may be subjected to a subsequent action by Harrington Manufacturing Company seeking recovery of its damages for the same infringement. In addition, if the validity of the patent is brought into question, the Harrington Company as exclusive licensee should be in a position to assist in its defense.

Rule 19(b) says that: "When persons who are not indispensable, but who ought to be parties if complete relief is to be accorded between those already parties, have not been made parties and are subject to the jurisdiction of the court as to both service of process and venue and can be made parties without depriving the court of jurisdiction of the parties before it, the court shall order them summoned to appear in the action." Harrington Manufacturing Company, Inc. ought to be a party to this suit in order to accord complete relief between the present parties. It is subject to the jurisdiction of the Court as to both service of process and venue and it can be made a party without depriving the Court of jurisdiction of the existing parties.

Therefore, pursuant to Rule 19(b), it is ordered that the Clerk issue summons to Harrington Manufacturing Company to appear as a party and assert such claims as it may have in the subject matter of the action; and that Harrington Manufacturing Company have thirty days after service of summons and copy of this order within which to plead.