SCHWARTZ, Judge.
The defendants below seek review, pursuant to Fla.R.App.P. 9.130(a)(3)(C)(iv), of a non-final order entering summary judgment against them on the issue of liability in a personal injury action. The basis of the ruling was the appellants’ asserted noncompliance with the registration provisions of the Fictitious Name Statute, Section 865.09, Fla.Stat. (1975). We reverse.
While the appellants may have employed what were arguably “fictitious” names in various aspects of their business dealings, the plaintiff alleged and demonstrated that they had committed the allegedly tortious acts for which they were sued while acting through the appropriate corporate or individual names and capacities in which they were specifically made parties-defendant below. Since this is true, their failure to register under Sec. 865.09, while perhaps wrongful in other contexts, was legally irrelevant to this one. As is stated in 57 Am.Jur.2d Name § 36 (1971):
. there must be a violation of the statute in the particular contract or transaction, and if the person or partnership who may be within, but has not complied with, the statute, contracts not in the fictitious name or partnership designation, but individually, the contract or transaction is not rendered invalid and unenforceable by reason of such noncompliance.
See also cases collected, Annotations, 45 A.L.R. 198, 240-244 (1926); 42 A.L.R.2d 516, 547 (1955). We believe this rule is properly applied to preclude the plaintiff’s successful reliance on Sec. 865.09 in order to bar a defense of this action.[1]
The order under review is therefore reversed and the cause remanded for further proceedings consistent herewith.
Reversed and remanded.

. Our conclusion makes it unnecessary to consider either the substantive question of whether § 865.09 is applicable in tort actions at all, see 57 Am.Jur.2d Name § 32 (1971); Sparks v. Porter, 270 F.Supp. 953 (N.D.Fla.1967); or the procedural one of whether the issue was correctly disposed of on motion for summary judgment against the defendants without a prior specific order granting them time within which to comply with the statute. See Chaikin v. Skolnick, 201 So.2d 588 (Fla. 3d DCA 1967); Cor-Gal Builders, Inc. v. Southard, 136 So.2d 244 (Fla. 3d DCA 1962); compare Clifford Ragsd6ale, Inc. v. Morganti, Inc., 356 So.2d 1321 (Fla. 4th DCA 1978), cert. denied, 362 So.2d 1051 (Fla.1978).