HERSEY, Judge.
Billy Ray Jackson, defendant below, appeals from a final judgment claiming as error the failure of the trial court to abate or dismiss the complaint for failure of the appellee to comply with the Fictitious Name Statute.
The dates and sequence of material events in the trial court relevant to our determination of this issue are as follows:
April 21, 1980: Kenneth Jones, Jr., d/b/a The Engine Room filed the original complaint alleging non-payment for repairs on a boat.
May 29,1980: Appellant filed an Answer containing a general denial and a counterclaim. No affirmative defense was pled nor was there any other reference to Section 865.09, Florida Statutes (1979).
June to December, 1980: Discovery took place.
*973 January 29, 1981: Counsel filed a pre-trial stipulation delineating the two issues for trial as the amount due plaintiff on his complaint and the amount due defendant on his counterclaim.
March 19, 1981: Plaintiff, pursuant to stipulation, filed an amended complaint adding a count for reasonable value.
March 30, 1981: Defendant filed an answer and set-off and affirmative defense asserting non-compliance with the statute.
September 24, 1981: Non-jury trial.
Section 865.09, Florida Statutes (1981), provides, in pertinent part, that it is unlawful to engage in business using a fictitious name unless that name is registered in the manner provided for in the statute. Violation may result in criminal penalties and, in addition, one in violation may not defend or maintain suit until the statute is complied with. This statute is obviously not self-executing. A party seeking to obtain its benefit must take appropriate action to bring the matter to the attention of the court and to obtain an appropriate ruling.
The purpose of the statute is to provide notice to one dealing with a business of the real party in interest. Until a party involved in litigation complies with the statute his action will be abated until compliance is effected. Cor-Gal Builders, Inc. v. Southard, 136 So.2d 244 (Fla. 3d DCA 1962). Compliance with the statute may however be waived. Clifford Ragsdale, Inc. v. Morganti, Inc., 356 So.2d 1321 (Fla. 4th DCA 1978). If an individual is doing business under a fictitious name and, without complying with the statute, brings a contract or tort action in which he is involved in his individual capacity then compliance is irrelevant to the cause of action and non-compliance with the statute has no effect on the litigation. See Medsen Development, Inc. v. Bryant, 376 So.2d 423 (Fla. 3d DCA 1979).
We note that appellant originally filed an Answer and Counterclaim. Thereafter an amended complaint was filed to which appellant filed an Answer, Set-off and Affirmative Defense.
The counterclaim alleged in part: “2. On or about November, 1978 Counter-defendant Kenneth Jones, Jr. agreed to perform repair work on two marine engines belonging to Counterclaimant, Billy Ray Jackson.” This allegation illustrates two things. First, there was no confusion as to the name, address and identity of appellee so that the avowed purpose of the Fictitious Name Statute had been accomplished in some manner other than publication. Second, the counter-claim referred to appel-lee in his individual capacity so that noncompliance with the statute was never an impediment to litigation of the counterclaim.
We further think there are a number of reasons that compliance with the statute was not required. In Cor-Gal Builders, Inc. v. Southard, supra, it was held that a defendant who fails to raise non-compliance with the statute until after filing his answer waives the benefit of the statute. We need not go so far. Appellant initially filed an answer in the early stages of the litigation which did not refer to the statute. Not until ten months had elapsed was an amended answer filed, mentioning the statute for the first time. No motion was filed, however, nor any other attempt made by appellant to call this matter to the court’s attention prior to trial. In his opening statement appellant made reference to ap-pellee’s non-compliance but did not move to dismiss until the close of the plaintiff’s case. The court properly took appellant’s motion under advisement. In entering final judgment for appellee the trial court by implication denied the motion. If the purpose of the statute is to advise one litigant of the identity and whereabouts of another litigant it seems to us that failure to pursue the statutory remedy until the day of trial effectively waives any benefit that compliance would afford. A party cannot consistently maintain that it is prepared for trial but it does not know the true identity of its opponant and yet it has not taken advantage of at least the most obvious and readily available tool to unmask his adversary *974 and to discover where he is hiding. Moreover in the instant case the appellant was plainly aware of appellee’s identity and location. On these facts we find a waiver of appellee’s non-compliance with the statute.
For the foregoing reasons, we affirm.
AFFIRMED.
BERANEK and DELL, JJ., concur.