**DR. FRED HATFIELD'S SPORT-STRENGTH TRAINING EQUIPMENT COMPANY, a Florida Corporation, Plaintiff,**

v.

**John BALIK, d/b/a IRONMAN MAGAZINE, and d/b/a HOME GYM WAREHOUSE, Defendant.**

**No. 97–437–CIV–T–17C.**

United States District Court, M.D. Florida, Tampa Division.

July 3, 1997.

Thomas A. Roman, Roman & Roman, P.A., Dunedin, FL, for plaintiff.

C. Douglas McDonald, Jr., Pettis & McDonald, PA, Tampa, FL, Arthur W. Fisher, III, Andrew C. Greenberg, Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tampa, FL, for defendant.

KOVACHEVICH, District Judge.

### ORDER ON MOTION TO DISMISS AMENDED COMPLAINT FOR FAILURE TO JOIN AN INDISPENSABLE PARTY AND FOR LACK OF JURISDICTION AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

This cause is before the Court on Defendant's Motion to Dismiss for Failure to Join an Indispensable Party and for Lack of Jurisdiction and Failure to State a Claim Upon Which Relief can be Granted (Dkt.10), and Plaintiff's response (Dkt.14).

### I. Standard of Review

A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that Plaintiff can prove no set of facts that support a claim for relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Bracewell v. Nicholson Air Services, Inc.,* 680 F.2d 103, 104 (11th Cir.1982). In reviewing a motion to dismiss, the Court is required to view the complaint in the light most favorable to the plaintiff and accept all allegations as true. *Colodny v. Iverson, Yoakum, Papiano & Hatch,* 838 F.Supp. 572, 573 (M.D.Fla.1993) (citing *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974)). Such a motion should be granted only where the plaintiff can prove no set of facts upon which relief could be granted. *National Organization for Women v. Scheidler,* 510 U.S. 249, 114 S.Ct. 798, 127 L.Ed.2d 99 (1994) (citing *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232–33, 81 L.Ed.2d 59 (1984)). To survive a motion to dismiss, a plaintiff may not merely "label" his or her claims. *Blumel v. Mylander,* 919 F.Supp. 423, 425 (M.D.Fla.1996). At a minimum, the Federal Rules of Civil Procedure require "a short and plain statement of the claim" that "will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley,* 355 U.S. at 47, 78 S.Ct. at 103 (quoting Fed.R.Civ.P. 8(a)(2)). Additionally, the Court must accept all well

pleaded allegations in a plaintiff's complaint as true. *Gonzalez v. McNary*, 980 F.2d 1418, 1419 (11th Cir.1993).

## II. Background

To address the Motion to Dismiss before this Court, an understanding of the background facts is required. The following facts alleged by Plaintiff in its Amended Complaint (Dkt.8) are taken as true only for the purpose of this motion. On February 8, 1983, United States Letters of Patent No. 4,372,553 were issued to Frederick C. Hatfield (hereinafter "Inventor") for an invention known as a Curved Back Abdominal Device, more commonly known as an "Ab Bench." Inventor entered into a patent licensing agreement with Trevit S. Smith d/b/a Smith-Built (hereinafter "Smith") on or about January 1, 1993.[1] Subsequently, Smith and Defendant entered into an oral distributorship agreement. Smith agreed to sell Ab Benches to Defendant at the wholesale price, and Defendant agreed to sell Ab Benches to its customers at retail prices. The oral distributorship agreement was terminable at the will of either party. The parties continued performance under this agreement until about March 1, 1996.

On or about March 1, 1996, Defendant ceased purchasing Ab Benches from Smith. Without the consent of Smith or Inventor, Defendant infringed upon Inventor's Letters of Patent by either manufacturing, or causing the manufacture, of an identical or substantially identical product, and advertising and selling said product. Plaintiff states that since on or about March 1, 1996, and through the present time, Defendant has been and still is infringing Inventor's Letters of Patent. On or about July 26, 1996, Inventor and Smith terminated the written patent licensing agreement between them. On July 26, 1996, Inventor assigned all of his title and rights to the Letters of Patent to Plaintiff.

Plaintiff filed its Complaint with this Court on March 3, 1997 (Dkt.1), requesting this Court to enter an injunction against Defendant's continuing infringement, as well as damages, interest, costs and attorneys' fees. In the Complaint, Plaintiff referred to itself as, "Dr. Fred Hatfield's Sportstrength Training and Equipment Company, d/b/a Sportstrength, a Florida Corporation." Defendant responded with a Motion to Dismiss for Failure to State a Claim, Failure to Join an Indispensable Party, Failure to Provide Sufficient Services and for Failure to Comply with Section 865.09(9)(a), *Florida Statutes*, (Dkt.5), and attached Memorandum in Support of Defendant's Motion to Dismiss (Dkt.6).[2] Plaintiff filed a Memorandum in Opposition to Defendant's Motion to Dismiss (Dkt.7) and an Amended Complaint (Dkt.8).

In its Amended Complaint, Plaintiff renamed itself as "Dr. Fred Hatfield's Sportstrength Training and Equipment Company, a Florida Corporation," deleting "d/b/a Sportstrength." Defendant responded to Plaintiff's Amended Complaint by filing a Motion to Dismiss Plaintiff's Amended Complaint for Failure to Join an Indispensable Party and for Lack of Jurisdiction and Failure to State a Claim Upon Which Relief Can Be Granted (Dkt.10) and Defendant's Memorandum in Support of Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Dkt.11). Plaintiff responded to Defendant's Motion to Dismiss and supporting Memorandum by filing Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss (Dkt.14). Plaintiff also filed a Motion for an Order Correcting Case Style (Dkt.12) and Plaintiff's Memorandum in Support of Plaintiff's Motion for an Order Correcting Case Styling (Dkt.13).

## III. Discussion

### A. Failure to Join an Indispensable Party

■ Defendant requests this Court to dismiss Plaintiff's Amended Complaint for failure to join an indispensable party pursuant to Fed.R.Civ.P. 12(b)(7). Defendant states that Smith, as exclusive licensee of the In-

---

1. It should be noted that Plantiffs Amended Complaint (Doc. No. 8) recites that the agreement between Inventor and Smith occurred on or about January 1, 1993. Defendant in its Memorandum in Support of Defendant's Motion to Dismiss attached a copy of the patent license agreement which is dated July 27, 1993.

2. Defendant Motion to Dismiss for Failure to Provide Sufficient Service is moot.

ventor's Letters of Patent, is an indispensable party to this action, in accordance with Fed.R.Civ.P. 19, and because Plaintiff did not join Smith in its action, the complaint must be dismissed. Rule 19(a) discusses the requisites in order for a party to be "necessary" to the present action. Defendant argues that pursuant to Rule 19(a) failure to join Smith would risk Defendant incurring double, multiple, or otherwise inconsistent obligations. After determining a party is "necessary" the Court must determine whether a party is "indispensable" under Rule 19(b). The Advisory Committee Notes regarding Rule 19 (citation omitted) state that the use of the word "indispensable" is used only in a conclusory sense, that a person is regarded as indispensable when he cannot be made a party and it is determined that in his absence it would be preferable to dismiss the action, rather than retain it.

There has been much discussion whether the transfer of rights from an inventor to an exclusive licensee constitutes an "assignment" of all rights to the patent or whether the right constitutes a "license," the latter giving the licensee no title in the patent, and no right to sue. The determination of whether the party obtained an assignment or license bears on the issue of the party being an "indispensable party" to an infringement action. *Waterman v. Mackenzie*, 138 U.S. 252, 255, 11 S.Ct. 334, 335, 34 L.Ed. 923 (1891). Defendant correctly states the general rule that patent owners are indispensable parties in infringement suits. Defendant goes further, citing *Waterman* to argue that Smith, who held an exclusive license to the Letters of Patent, was vested as an "assignee" and stood in the capacity of the owner. However, Defendant incorrectly applies *Waterman* to Smith, a licensee. The *Waterman* Court in its analysis set forth the distinctions between assignments and licenses:

"The patentee or his assigns may, by instrument in writing, assign, grant, and convey either, (1) the whole patent, comprising the exclusive right to make, use, and vend the invention throughout the United States; or (2) an undivided part or share of that exclusive right; or (3) the exclusive right under the patent within and

throughout a specified part of the United States.... A transfer of either of these three kinds of interests is an assignment, properly speaking, and vests in the assignee a title in so much of the patent itself, with a right to sue infringers. In the second case, jointly with the assignor. In the first and third cases, in the name of the assignee alone. Any assignment or transfer, short of one of these, is a mere license, giving the licensee no title in the patent, and no right to sue at law in his own name for an infringement.... In equity, as at law, when the transfer amounts to a license only, the title remains in the owner of the patent; and suit must be brought in his name.... Any rights of the licensee must be enforced through or in the name of the owner of the patent, and perhaps, if necessary to protect the rights of all parties, joining the licensee with him as plaintiff." *Holliday v. Long*, 18 F.R.D. 45, 47 (E.D.N.C.1955) quoting *Waterman v. Mackenzie*, 138 U.S. at 255, 11 S.Ct. at 335.

The Court must look to the language of the agreement between the inventor and licensee to determine what rights have been granted, and to determine the intent of the parties. This Court acknowledges an exclusive licensee's right to sue for infringement where the exclusive licensee has the exclusive right to make, use or sell the invention. *Restorative Products, Inc. v. MMAR Medical Group, Inc.*, 1996 WL 221786 (M.D.Fla. 1996). When the patentee grants an exclusive right to make, use, and vend, either the entire patent or an undivided portion thereof, or an exclusive right to make, use, and vend within a specific geographical area, the transaction is considered an assignment. This is true despite language in the instrument to the contrary ... on the other hand, if the patentee conveys only the exclusive right to make and vend, but not the right to use, the grant is a license, notwithstanding any language in the instrument to the contrary. *In–Tech Marketing Inc. v. Hasbro, Inc.*, 685 F.Supp. 436, 439 (D.N.J.1988) citing *Wright, Miller & Kane, Federal Practice and Procedure: Civ.2d* § 1614 pp. 210–211 (2d ed.1986) (footnotes omitted).

Where a patent owner grants an exclusive license to make and sell an invention, but the right to use is not specifically included, the transfer is a "license" and not an "assignment" and therefore an exclusive licensee is not an indispensable party plaintiff in an infringement suit brought by the patent owner. *Holliday*, 18 F.R.D. at 47; *Benger Laboratories Ltd. v. R.K. Laros Company, Inc.*, 24 F.R.D. 450, 454 (E.D.Pa.1959). Defendant attached a copy of the license agreement to its Memorandum in Support of Defendant's Motion to Dismiss (Doc. No. 11). Item (3) of the License Agreement contains in part:

> "Grant of License. Licensor grants to Licensee under Licensor's Letters of Patent the exclusive, nontransferable right and license to manufacture and sell the invention and its improvements throughout the world."

The agreement does not grant the right to "use" the invention, only the right to make and sell the product. The agreement would not satisfy the *Waterman* test. *Benger Laboratories Ltd.*, 24 F.R.D. at 454.

Item (14) of the license agreement is titled "Actions for Infringement," and states the following:

> "Licensor, at Licensor's own cost and expense shall defend all infringement suits that may be brought against Licensee or Licensor on account of the manufacture, use or sale of the invention. If Licensee learns that others are unlawfully infringing on the rights granted in this Agreement, Licensee shall inform Licensor and Licensor shall diligently prosecute any infringer at Licensor's own cost and expense."

Considering the plain language of this agreement, Licensor retained control to sue. Licensee also could not enter into subleases, assign the agreement or enter into exclusive distributorship agreements without the consent of the Licensor. The parties intended nothing more than a license to use the Letters of Patent. There is no mention of an "assignment" of the licensor's rights in the agreement. Furthermore, Plaintiff stated that the licensing agreement between Inventor and Smith was terminated, and Inventor subsequently "assigned" all title and rights to the Letters of Patent to Plaintiff. Plaintiff provided a copy of the document entitled "Assignment of Patent," dated July 26, 1996 and attached to the Amended Complaint (Doc. No. 8) which reads in part:

> "I, Frederick C. Hatfield, hereby assign all title and rights to my U.S. Patent .... to Dr. Fred Hatfield's Sportstrength Training Equipment Company. This assignment shall remain in effect for the life of the patent."

Once again, the plain language of this document conveys the intent of the parties. Here the intent is to create an assignment of the patent. When the Court compares the language contained in each document, and analyzes it with the case law on the subject, the Court concludes that Smith's interest in the Letters of Patent was a license, and Smith is therefore not an indispensable party to this action.

Although Smith is not an indispensable party under the preceding analysis, the Court notes that under *Independent Wireless Tel. Co. v. Radio Corp. of America*, 269 U.S. 459, 46 S.Ct. 166, 70 L.Ed. 357 (1926), "both the owner and the exclusive licensee are generally necessary parties in the action in equity." *Id.* at 466, 46 S.Ct. at 168. In *Independent Wireless* the issue involved a suit originally brought by an exclusive licensee. The court held that the patent owner joins as an indispensable party to the suit. That case is distinguishable from this case in that the owner of the patent is the party bringing the suit in this instance. The Court in *Comptograph Co. v. Universal Accountant Machine Co.*, 142 F. 539, 545 (C.C.N.D.Ill. 1906) *rev'd on other grounds*, 146 F. 981 (7th Cir.1906), noted:

> "In cases where the licensee has sought to maintain an action for infringement in his own name, the courts have held that the action must be brought in the name of the owner of the patent, or the owner of the patent must be joined in the suit. [citing *Waterman, supra* ]. I know of no authority that requires that the owner of a patent must join his licensee as a party complainant."

Notwithstanding the above discussion, Defendant did not raise the issue of whether Smith would have an interest in the outcome of this action, only that Smith as licensee must be joined. Plaintiff states in its Amended Complaint (Dkt.8) that the licensing agreement between Smith and Inventor terminated on or about July 26, 1996 and that all rights and title to the Letters of Patent were subsequently assigned from Inventor to Plaintiff. Accordingly, the Court must accept all pleaded allegations in a plaintiff's complaint as true. *Gonzalez v. McNary,* 980 F.2d 1418, 1419 (11th Cir.1993). Therefore, termination of the agreement naming Smith a licensee, and the subsequent assignment of the Letters of Patent to Plaintiff, negates Smith's inclusion in this action. The Court notes that the Advisory Committee Notes to Rule 19 list other procedures under the Federal Rules of Civil Procedure that enable a party in interest to join the suit. Among them are Interpleader (Rule 22); Joinder on motion or on the Court's initiative (Rule 21); and Counterclaims and Crossclaim (Rule 13(h)) (citations omitted). Therefore, should Smith or Defendant desire Smith's inclusion in this action, the preceding alternatives remain available.

B. Lack of Jurisdiction and Failure to State a Claim Upon Which Relief Can Granted for Failure to Register a Fictitious Name

■ Defendant claims that Plaintiff did not register the fictitious name Plaintiff used in filing its Complaint and that although Plaintiff deleted the reference to "d/b/a Sportstrength," in Plaintiff's Amended Complaint, Plaintiff has violated section 865.09(9)(a), *Fla.Stat.* (1995), and therefore Plaintiff is without legal capacity to maintain an action in the State of Florida. Plaintiff, in its Memorandum in Opposition to Defendant's Motion to Dismiss, states that Plaintiff was incorrectly identified by its counsel as using a fictitious name "Sportstrength" in the original Complaint. Also in Plaintiff's Memorandum in Support of Plaintiff's Motion for an Order to Correct Case Styling, Plaintiff states that Plaintiff's counsel incorrectly made reference to Plaintiff's use of a fictitious name, and that noncompliance with section 865.09, *Fla.Stat.* (1995), has no effect on this cause of action. Section 865.09, *Fla.Stat.* (1995), states in part:

"(3) Registration. A person may not engage in business under a fictitious name unless he first registers the name with the division . . .

(8) Effect of registration. Notwithstanding the provisions of any other law, registration under this action is for public notice only . . . .

(9) Penalties . . . (a) If a business fails to comply with this section, the business, its members, and those interested in doing such business may not maintain any action, suit, or proceeding in any court of this stated until this section is complied with . . . (b) The failure of a business to comply with this section does not impair the validity of any contract, deed, mortgage, security interest, lien, or act of such business and does not prevent such business from defending any action, suit, or proceeding in any court of this state . . . ."

The court in *Jackson v. Jones,* 423 So.2d 972 (Fla. 4th DCA 1982), *reh'g denied* 436 So.2d 99 (Fla.1983), reiterated that the purpose of the statute is to provide notice to one dealing with a business of the real party in interest. The court held that if an individual is doing business under a fictitious name and without complying with the statute, brings a contract or tort action in which he is involved in his individual capacity then compliance is irrelevant to the cause of action and noncompliance has no effect on litigation. *Jackson,* 423 So.2d at 973. See also *Medsen Development, Inc. v. Bryant,* 376 So.2d 423 (Fla. 3d DCA 1979). In *Jackson,* as in the cause before this Court, the Defendant was plainly aware of the Plaintiff's identity and location. *Jackson,* 423 at 974. As in *Jackson,* this Court waives compliance of the statute, and in this case compliance is irrelevant. The subject licensing agreement and assignment contain no reference to Plaintiff using a fictitious name. Plaintiff's incorrect addition of a fictitious name did not unfairly prejudice the Defendant, nor is it an error which cannot be corrected. Plaintiff deleted the use of "d/b/a Sportstrength" when it filed its Amended Complaint.

In another patent infringement case, this Court permitted the addition of parties by the Plaintiff while the cause of action was at the pleading stage, even without the Court's leave, to add principals of Plaintiff's wholly owned company as plaintiffs, and to add a corporate defendant. *Pretty Punch Shoppettes, Inc. v. Creative Wonders, Inc.,* 750 F.Supp. 487 (M.D.Fla.1990). Under Fed. R.Civ.P. 21, "parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Plaintiff should not be penalized for inadvertently including a fictitious name in its complaint, especially since Defendant was never confused as to the nature of the entity.

Defendant's request for dismissal for failure to state a claim under Fed.R.Civ.P. 12(b)(2,)(6) arises from its argument that Plaintiff's failure to comply with section 865.09, *Fla. Stat.* (1995), leaves Plaintiff without legal capacity to maintain an action in the State of Florida, and the action should therefore be dismissed. Plaintiff's action of correcting its corporate name does not leave it without capacity to maintain this action. Plaintiff's amendment does not prejudice Defendant, and since Defendant had knowledge of who was bringing an action against him, compliance with section 865.09, *Fla.Stat.* (1995), is waived. *Jackson,* 423 So.2d at 973. Recently, in *Desai v. Tire Kingdom, Inc.,* 944 F.Supp. 876 (M.D.Fla.1996), this Court allowed a plaintiff to amend his complaint to add defendant's proper corporate name, where the plaintiff filed an action against a non-existent entity, even though the first sentence of the complaint properly described defendant. It was evident from defendant's motion to dismiss that defendant had notice of the plaintiff's claims. *Id.,* at 879. That analogy may be applied to the instant case. Defendant had notice of the claims, and therefore clerical errors should not prejudice the Plaintiff's filing an action with the Court.

This Court may dismiss a complaint for failure to state a claim only if there is no doubt that the non-moving party can prove no set of facts that would entitle him to relief. *Conley,* 355 U.S. at 45–46, 78 S.Ct. at 101–02. Further, the Court must view the complaint in the light most favorable to the Plaintiff and accept all allegations as true. *Colodny,* 838 F.Supp. at 573. Applying these standards to the instant case, and looking at the allegations of the complaint in the light most favorable to Plaintiff, the Court finds it is possible that Plaintiff could prove a set of facts that would entitle him to relief. Accordingly it is,

**ORDERED** that Defendant's Motion to Dismiss Plaintiff's Amended Complaint for Failure to Join an Indispensable Party is **denied;** Defendant's Motion to Dismiss Plaintiff's Amended Complaint for Lack of Jurisdiction is **denied;** and Defendant's Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim is **denied** (Dkt.10).