439 So.2d 1041 (1983)
William H. KOCH, Appellant,
v.
WALLER & COMPANY, INC., a Florida Corporation, Multiple Images, Inc., a Florida Corporation, Mal Camins and Edward Wignall, Appellees.
No. 82-2248.
District Court of Appeal of Florida, Fourth District.
November 2, 1983.
*1042 L. Louis Mrachek of Gunster, Yoakley, Criser & Stewart, P.A., Palm Beach, for appellant.
L. Martin Reeder, Jr., of Steel Hector Davis Burns & Middleton, Palm Beach, for appellee-Waller & Co., Inc.
HURLEY, Judge.
This appeal challenges a final judgment which confirmed an arbitration award and found that William H. Koch, in his individual capacity, is jointly and severally liable with others for $101,842.67. We conclude that Mr. Koch, by failing to raise an objection in the arbitration proceedings, waived his right to contest personal liability in the circuit court and, therefore, we affirm.
Mal Camins, Edward Wignall and William H. Koch signed a contract with Waller and Co., Inc. (Waller) to perform construction work on a retail store or gallery in Palm Beach. In the two places where his name appeared on the contract, Mr. Koch added the designation, "Pres. Multiple Images, Inc." Eventually, difficulties developed among the parties and, pursuant to a provision in the contract, Waller sought arbitration. Utilizing a form provided by the American Arbitration Association, styled "Demand for Arbitration," Waller specified the following as the parties upon whom demand was being made: "Multiple Images  Mal Cumins, Edward Wignall and William H. Koch." The demand also stated the following:
You are hereby notified that copies of our Arbitration Agreement and of the Demand are being filed with the American Arbitration Association at its Miami Regional Office, with the request that it commence the administration of the arbitration. Under Section 7 of the Arbitration Rules, you may file an answering statement within seven days after notice from the Administrator.
Camins, Wignall and Multiple Images, all represented by the same attorney, filed an answering statement; Koch did not. (Counsel indicated at oral argument that, under the applicable rules, the failure to file an answering statement constituted a denial of the allegations contained in the demand for arbitration.) Later, by affidavit, Mr. Koch admitted that he was "familiar with all papers filed in the arbitration proceedings ... and was personally in attendance throughout the arbitration proceedings." Incidentally, the record contains a *1043 letter from a proposed arbitrator who, well before the arbitration hearing, disqualified himself because he was a friend of Mr. Koch and the arbitrator believed that it would be "difficult to serve impartially as an arbitrator in a case in which he is a defendant." (Emphasis supplied.) The record further reflects that during the arbitration proceedings, Mr. Koch never objected to, nor raised the issue of his status as an individual defendant.
At the conclusion of the arbitration proceedings, an award was entered in favor of Waller against Multiple Images, Mal Camins, Edward Wignall and William H. Koch. Accordingly, Waller filed an action in the circuit court to confirm the arbitration award. Koch responded by filing an objection in which, for the first time, he raised the defense that he had signed the contract in a representative capacity and, therefore, was not personally liable. The trial court ruled that Koch had waived this defense. The court reasoned that "[t]he waiver results because Koch fully participated in the arbitration proceeding without ever raising the defense that he was not personally liable... ." Hence, the court found that Mr. Koch, in his individual capacity was jointly and severally liable with Messrs. Camins and Wignall and with Multiple Images (now in bankruptcy) for $101,842.67. Koch appealed.
Arbitration clauses are placed in contracts to ensure the availability of a convenient and efficient forum for the expeditious resolution of disputes. Indeed, "[s]peed is one of the great advantages of commercial arbitration." Necchi Sewing Machine Sales Corp. v. Necchi, S.p.A., 369 F.2d 579, 582 (2d Cir.1966). To achieve this end, most states have enacted statutory schemes which regulate arbitration and guarantee due process. "Arbitration laws are passed to expedite and facilitate the settlement of disputes and avoid the delay caused by litigation. It was never intended that these laws should be used as a means of furthering and extending delays." Radiator Specialty Co. v. Cannon Mills, Inc., 97 F.2d 318, 319 (4th Cir.1938). Appellant's position in the case at bar is a prime example of dilatory posturing which runs afoul of the spirit and express provisions of Chapter 682, the Florida Arbitration Code.
Chapter 682 provides two methods by which a party may contest arbitration. Either during or prior to the commencement of the arbitration proceedings, a party may apply to the circuit court for a stay on the ground that "no agreement or provision for arbitration ... exists between the party making the application and the party causing the arbitration to be had." Section 682.03(4), Florida Statutes (1981). Alternatively, a party may apply to the circuit court to vacate an arbitration award when "[t]here was no agreement or provision for arbitration ... unless the matter was determined in proceedings under section 682.03 and unless the party participated in the arbitration hearing without raising the objection." Section 682.13(1)(e), Florida Statutes (1981). The latter provision should be read in the disjunctive: a party may move to vacate unless the court has already ruled on the issue or the party participated in the arbitration and failed to object.
In the case at bar, Mr. Koch seeks to avoid the waiver provision of section 682.13(1)(e), Florida Statutes (1981), by contending that he participated in the arbitration proceeding only in his representative capacity as president of Multiple Images, Inc. He claims that he had no reason to suspect that the arbitration proceeding had anything to do with his personal liability and, thus, he asserts that the proceedings in the circuit court presented the first opportunity to raise the defense of a lack of personal liability. The facts do not support these contentions. First, the demand for arbitration, with which Mr. Koch was admittedly familiar, plainly listed the corporation and three individuals (including Koch) as defendants. Second, a proposed arbitrator recognized that Mr. Koch was a defendant and expressly disqualified himself on that basis. Third, Mr. Koch failed to avail himself of the stay provision in section 682.03(4), Florida Statutes (1981). Fourth, Mr. Koch appeared at the arbitration hearing *1044 and failed to object to or otherwise contest personal liability. Thus, he falls squarely within the ambit of section 682.13(1)(e), Florida Statutes (1981), and is foreclosed from contesting personal liability because he "participated in the arbitration hearing without raising the objection." Cf. Green v. Roth, 192 So.2d 537 (Fla. 2d DCA 1966).
Accordingly, the judgment is
AFFIRMED.
BERANEK, J., concurs.
ANSTEAD, C.J., dissents without opinion.