533 So.2d 312 (1988)
RHPC, INC., Appellant,
v.
Geraldine GARDNER, As Personal Representative of the Estate of Dentricia Gardner, Deceased, Appellee.
No. 88-1006.
District Court of Appeal of Florida, Second District.
November 9, 1988.
*313 Paul H. Amundsen of McDermott, Will & Emery, Miami, for appellant.
No appearance for appellee.
RYDER, Acting Chief Judge.
RHPC, Inc. appeals from the trial court's nonfinal order denying its motion to dismiss. We affirm.
Appellee filed a wrongful death suit in the lower court, naming as a defendant "Riverside Hospital, a/k/a West Pasco Hospital." Appellee's third amended complaint alleges that on April 7, 1983 "Riverside Hospital, a/k/a West Pasco Hospital" was negligent in the treatment of the deceased, causing her death. At the time of the alleged negligence, a corporation named "Riverside Hospital of Pasco County, Inc." (not to be confused with "RHPC, Inc.") owned the hospital and used the fictitious name "Riverside Hospital." However, by an asset purchase agreement dated November 9, 1983, American Health Care Management, Inc., RHPC's parent, purchased the hospital and certain other assets from Riverside Hospital of Pasco County. American Health Care Management transferred the hospital to its subsidiary, RHPC, and after the asset sale RHPC became licensed to operate the hospital under the fictitious name "Riverside Hospital."
Process for the wrongful death action was served on "Riverside Hospital, a/k/a West Pasco Hospital" by service on Richard Teeling, who is the registered agent for Riverside Hospital of Pasco County. Mr. Teeling is not and has never been the registered agent for RHPC. Counsel for Riverside Hospital of Pasco County appeared on behalf of "Riverside Hospital" and defended the action. This counsel, however, was not authorized by RHPC to appear on its behalf.
RHPC specially appeared in the lawsuit, moving to dismiss appellee's third amended complaint on the grounds that the court had no jurisdiction over it because it had never been served with process. RHPC explained that its purpose in contesting personal jurisdiction, even though it had never been served with process, was to clarify the identity of the defendant in appellee's lawsuit. RHPC asserted that it was not the intended defendant and should not be required to defend in the lawsuit because the hospital was owned by Riverside Hospital of Pasco County at the time of the alleged negligence. In addition, RHPC argued, it could not be held liable as a successor corporation because the parties to the asset sale agreed that the purchaser would not assume liability for the alleged negligence of Riverside Hospital of Pasco County. The motion to dismiss was opposed by appellee and the other defendants on the grounds that "Riverside Hospital" appeared in the action, thus waiving any objections to personal jurisdiction, and RHPC lacks standing to move to dismiss.
The confusion to which RHPC addressed its motion to dismiss resulted from appellee's improper usage of the fictitious name "Riverside Hospital," rather than the correct *314 corporate entity in its third amended complaint. Corporations are legal entities and should sue and be sued in their corporate name. 19 Am.Jur.2d Corporations § 2216 (1986). In pleadings, the corporate name must be strictly used. Id. However, persons who are sued by the wrong name may nevertheless appear and defend the action, Stewart v. Preston, 80 Fla. 473, 479, 86 So. 348 (1920), and if they fail to object to the misnomer by appropriate pleading or motion they may be bound by a judgment resulting from the litigation. See L'Engle v. Florida Central and Western Railroad Co., 21 Fla. 353 (1885). In addition, although not nominal parties, persons may become de facto parties defendant if they have control of the defense in furtherance of their own interest and enjoy all the rights of actual parties. See Cartwright v. Atlas Chemical Industries, Inc., 623 P.2d 606 (Okla. 1981); 59 Am.Jur.2d Parties § 41 (1987).
In this case, "Riverside Hospital," named as a defendant in appellee's third amended complaint, is merely a fictitious name and does not describe a corporate entity for the purposes of pleading in a lawsuit. When Riverside Hospital of Pasco County was served with process and appeared in the lawsuit, however, it became a de facto party and it will be bound by the result of the lawsuit unless it objects to the misnomer. See L'Engle; Cartwright.
RHPC faces a different situation. Since it was never served with process and never made a general appearance in the lawsuit, RHPC is neither a nominal nor a de facto party. It cannot be bound by the result of the litigation as a result of the misnomer. Yet RHPC is caught in a Catch-22 situation, since it wants to clarify its status as a nonparty while at the same time moving to dismiss as though it were a party. We agree with RHPC, in principle, that the trial court has no jurisdiction over it. Service of process on Riverside Hospital of Pasco County and the appearance in the lawsuit by Riverside Hospital of Pasco County does not vest the trial court with personal jurisdiction over RHPC simply because RHPC now uses the fictitious name "Riverside Hospital." In addition, RHPC did not waive objections to jurisdiction by specially appearing in the lawsuit to contest jurisdiction. See Green v. Roth, 192 So.2d 537 (Fla. 2d DCA 1966). Nevertheless, since RHPC is not a party, it must have an interest that connects it to the lawsuit in some way before its sound arguments can be considered by the trial court.
Although generally only a party to a pending action or proceeding may make a motion, it is not absolutely essential that the movant be a party. 56 Am.Jur.2d Motions, Rules and Orders § 7 (1971). Any person interested in a suit may make a motion with reference to that interest whether the movant is legally and technically a party or not. Id.; Leslie v. Gibson, 80 Kan. 504, 103 P. 115 (1909). The interest which will entitle a person to intervene in a lawsuit must be of such a direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment. Morgareidge v. Howey, 75 Fla. 234, 78 So. 14 (1918). In addition, an entity only has standing in an action when it has a sufficient stake in the outcome thereof. See Kumar Corp. v. Nopal Lines, Ltd., 462 So.2d 1178 (Fla. 3d DCA 1985), petition for review denied sub nom. S.E.L. Maduro (Florida), Inc. v. Kumar Corp., 476 So.2d 675 (Fla. 1985). While the concept of "standing" generally concerns the right of a party to sue, it also applies to a person's right to defend. See H. Trawick, Trawick's Florida Practice and Procedure § 4-15 (1987).
Standing to defend has caused few problems. Few persons volunteer to defend an action that is not brought against them. Even so, the doctrine applies and a person must have an interest in the subject matter of or relief sought by an action to have the right to defend it. If a person has an interest that may be adversely affected by the outcome of an action in which he was not sued by the plaintiff, he may intervene to protect his interest.
Id.
This case presents one of the rare instances in which an entity has volunteered *315 to defend an action not brought against it. RHPC's motive, however, was not to intervene in the lawsuit to defend its interest, and it made no attempt to intervene prior to or in conjunction with its motion to dismiss. To the contrary, the purpose of its special appearance was to show that it did not have any interest in the litigation worthy of a substantive defense relating to the merits of the action. We agree with RHPC that it does not have an interest that will be adversely affected by the outcome of the litigation, however we are compelled for this reason to conclude that it lacks standing to move to dismiss the action.
In our opinion, RHPC could only have an interest sufficient to entitle it to move to dismiss if it were exposed to potential liability in the action. As RHPC argued in its motion, however, it bears no potential liability for the negligence alleged to have been committed at the hospital when it was owned by Riverside Hospital of Pasco County. In support of its argument, RHPC referred to the asset purchase agreement dated November 9, 1983, which clearly expressed the parties' intent to avoid the assumption by the buyer of any contingent, unliquidated or undisclosed liabilities of the seller. The agreement states that the seller agrees to indemnify the buyer for any claims "which may hereafter be asserted against Buyer or any of the assets to be acquired by Buyer hereunder, based on facts relating, directly or indirectly, to Sellers' operations of the Hospitals, or other activities of Sellers, prior to the closing."
Generally, in an asset sale the liabilities of the selling predecessor corporation are not imposed on the buying successor corporation unless (1) the successor expressly or impliedly assumes obligations of the predecessor, (2) the transaction is a de facto merger, (3) the successor is a mere continuation of the predecessor, or (4) the transaction is a fraudulent effort to avoid liabilities of the predecessor. Bernard v. Kee Manufacturing Co., Inc., 409 So.2d 1047 (Fla. 1982). RHPC argued in its motion to dismiss that none of the four exceptions to the general rule regarding successor corporation nonliability apply in this case. Appellee, by arguing in its opposition to the motion that RHPC lacks standing, implicitly conceded the point. Therefore, considering that both parties agree on this issue, and after having ourselves reviewed the asset purchase agreement and the articles of incorporation of RHPC and Riverside Hospital of Pasco County, we conclude that none of the Bernard exceptions to successor corporation nonliability apply in this case and RHPC is not exposed to any potential liability.
We hold that an entity lacks standing to move to dismiss an action if it is not a party and does not have an interest that may be adversely affected by the outcome of the litigation. Since RHPC is neither a nominal nor a de facto party and is not exposed to any liability in connection with the litigation, it lacks standing to move to dismiss. Accordingly, we affirm the trial court's denial of RHPC's motion to dismiss. We hope, however, that our opinion will provide RHPC with the clarification it sought in the lower court.
AFFIRMED.
LEHAN and FRANK, JJ., concur.