PER CURIAM.
We reverse in part the trial court’s order denying arbitration in a dispute between a contractor and a homeowner. The parties had entered into a contract for construction of a home. The arbitration clause in the contract provides:
14. ARBITRATION: Anything to the contrary notwithstanding, BUYER agrees with SELLER that, (a) all claims, disputes and other matters in contention between BUYER and SELLER under this AGREEMENT, or arising out of or relating to the subject matter of this AGREEMENT or any failures or breach resulting therefrom or thereunder (excluding only claims under any insurance or settlements in connection therewith or claims for monies due from BUYER and/or claims of liens by SELLER) shall be submitted for *674 arbitration to the “American Arbitration Association” (or such other arbitration association which may be mutually agreed upon by SELLER and the BUYER) in Broward County, Florida. Any arbitration arising out of or relating to this Agreement shall not include by consolidation or join-der or in any other manner any additional person not a party to this AGREEMENT or parties which are specifically excluded by reference in this AGREEMENT, (b) in the event that any party shall allege that this AGREEMENT was induced by fraud, failure of consideration or any other defenses or claims which may relate, question or dispute the enforceability or validity of this AGREEMENT (or any portions thereof), then such disputes or claims shall also be arbitrated in accordance with the herein provisions;
[[Image here]]
The homeowner counterclaimed against the contractor claiming in count I that the contractor breached the contract through shoddy workmanship, building inspection failures, delays, and other breaches. These claims arose “out of or relating to the subject matter of [the contract],” and the court erred in failing to grant arbitration as to count I.
Count II of the complaint alleged a slander of title based upon the contractor’s filing of a claim of lien against the property. The arbitration provision specifically excludes from arbitration claims of liens by the contractor. Therefore, we hold that the trial court did not err in denying the motion to compel arbitration as to this count.
Appellees also argue that Julie Hin-den is not a party to the contract which includes the arbitration clause. However, we disagree as the record indicates that she waived the issue by admitting to execution of the contract in her pleadings and by entering into arbitration with the contractor on other issues. See generally Koch v. Waller & Co., 439 So.2d 1041, 1043 (Fla. 4th DCA 1983).
Finally, we do not address the issue of res judicata with respect to the trial court’s order denying the motion to dismiss the appellees’ counterclaim. An order denying a motion to dismiss is a nonappealable, nonfinal order. See Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla.1987).
Reversed in part; affirmed in part.
GUNTHER, C.J., and WARNER and POLEN, JJ., concur.,