PARIENTE, Judge.
Appellant, Royal Atlantic Health Spa, Inc. (Royal), appeals from a dismissal of its Application to Confirm Arbitration Award against B.L.N., Inc., d/b/a Paulding Design Group. The basis for the dismissal was that the arbitration award was against Paulding Design Group (Paulding Design), the fictitious name under which B.L.N., Inc. (B.L.N.) did business and that, accordingly, B.L.N. was not a party to the arbitration proceedings. We reverse because there is an unresolved issue as to whether B.L.N. waived any objection to the award being entered under its fictitious name by its full participation in the arbitration proceeding.
Royal entered an agreement with Paulding Design, an architectural design firm, for interior design services in connection with the renovation of Royal’s spa facilities. The agreement did not contain any mention of B.L.N. and was, in fact, signed by A. Robert Paulding as president of Paulding Design. The agreement contained an arbitration clause requiring all disputes to be arbitrated in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association unless the parties mutually agreed otherwise.
In accordance with this agreement, Royal filed a demand for arbitration against Pauld-ing Design, claiming breach of contract. Philip M. Warren, Esq. appeared as counsel for Paulding Design at the arbitration hearing. An arbitration award was subsequently entered in favor of Royal for $17,000.
Royal timely filed an Application to Confirm Arbitration Award against “B.L.N., Incorporated, d/b/a Paulding Design Group,” seeking confirmation of the arbitration award. See § 682.12, Fla. Stat. (1995). Attorney Warren, who had previously appeared in the arbitration proceeding on behalf of Paulding Design, filed a motion to dismiss, alleging that the complaint failed to state a cause of action because B.L.N. was not a party to the arbitration proceeding. Prior to a hearing on the motion to dismiss, Royal filed a Supplement to Application to Confirm Arbitration Award, alleging that B.L.N. had appeared and participated in the arbitration proceeding under its duly registered fictitious name, Paulding Design, and had failed to file any objection to being sued in its fictitious name rather than its corporate name.
We find that the trial court erred in granting the motion to dismiss for failure to state a cause of action. The pleadings alleged that B.L.N. appeared and participated in the arbitration proceeding under its fictitious name; that counsel for B.L.N. filed a notice of appearance in that proceeding using the fictitious name; and that the same counsel used the fictitious name in two separate requests for postponement of the arbitration. B.L.N. does not claim that it is not doing business as Paulding Design nor does it dispute that it controlled the defense in the arbitration proceeding.
It is true that “[cjorporations are legal entities and should sue and be sued in their corporate name.” RHPC, Inc. v. Gardner, 533 So.2d 312, 314 (Fla. 2d DCA 1988). However, as recognized by Gardner,
persons who are sued by the wrong name may nevertheless appear and defend the action, and if they fail to object to the misnomer by appropriate pleading or motion they may be bound by a judgment resulting from the litigation. In addition, although not nominal parties, persons may become de facto parties defendant if they have control of the defense in furtherance of their own interest and enjoy all the rights of actual parties.
Id. (citations omitted) (emphasis supplied).
In Gardner, the plaintiff improperly brought suit against the fictitious name “Riverside Hospital,” rather than naming the correct corporate entity in its complaint. Id. at 313-14. Process was served on “Riverside Hospital” by serving the registered agent for the corporate entity. Id. at 313. Counsel for the corporate entity appeared on behalf of “Riverside Hospital” and defended the action. Id. The second district found that because the correct corporate entity was served with process and appeared in the lawsuit, “it became a de facto party ... bound by the result of the lawsuit unless it objected] to the misnomer.” Gardner, 533 So.2d at 314.
*1387 “The purpose of the fictitious name statute is to provide notice to one dealing with a business of the real party in interest.” Roth v. Nautical Eng’g Corp., 654 So.2d 978, 980 (Fla. 4th DCA 1995).[1] Compliance with the fictitious name statute, however, may be waived. See id.; Gardner. A party may waive compliance with the fictitious name statute not only in litigation, but in arbitration proceedings as well. In the context of arbitration, “just as a party who has a right to arbitration can waive that right by participating in a judicial proceeding, so can a party having a right to a judicial determination of an arbitrable issue waive that right by participating in arbitration.” Victor v. Dean Witter Reynolds, Inc., 606 So.2d 681, 685 (Fla. 5th DCA 1992), review denied, 614 So.2d 502 (Fla.1993); see also Insignia Homes, Inc. v. Hinden, 675 So.2d 673 (Fla. 4th DCA 1996) (homeowner waived defense that she was not party to contract including arbitration clause by admitting to execution of contract in pleadings and by entering into arbitration with contractor on other issues).
In Koch v. Waller & Co., 439 So.2d 1041, 1043 (Fla. 4th DCA 1983), an arbitration proceeding was brought against the appellant, William Koch, individually and in his capacity as corporate representative. Koch participated throughout the arbitration proceedings and “never objected to, nor raised the issue of his status as an individual defendant.” Id. An award was entered against Koch’s company and against him individually. When the appellees filed an application to confirm the arbitration award, Koch opposed confirmation, arguing for the first time that he had signed the contract in a representative capacity and was thus not personally hable. This court held that Koch had waived this defense by failing to raise it in the arbitration proceeding.
The very purpose of arbitration would be frustrated by allowing defenses which could have been raised at the arbitration proceeding to be raised belatedly when confirmation of the award is sought:
Arbitration clauses are placed in contracts to ensure the availability of a convenient and efficient forum for the expeditious resolution of disputes. Indeed, “[s]peed is one of the great advantages of commercial arbitration.” Necchi Sewing Mach. Sales Corp. v. Necchi, S.p.A., 369 F.2d 579, 582 (2d Cir.1966). To achieve this end, most states have enacted statutory schemes which regulate arbitration and guarantee due process. “Arbitration laws are passed to expedite and facilitate the settlement of disputes and avoid the delay caused by litigation. It was never intended that these laws should be used as a means of furthering and extending delays.” Radiator Specialty Co. v. Cannon Mills, Inc., 97 F.2d 318, 319 (4th Cir.1938). Appellant’s position in the case at bar is a prime example of dilatory posturing which runs afoul of the spirit and express provisions of Chapter 682, the Florida Arbitration Code.
Koch, 439 So.2d at 1043.
B.L.N. argues that Koch should be distinguished because in that case, the defendant was sued in his legal name. Here, the arbitration award was entered against an entity under its fictitious name. However, the issue in this case is whether B.L.N. was the de facto party against whom the award was entered. See Gardner. This issue is resolved by a determination of whether B.L.N. waived any right it might have had to be sued in the arbitration proceeding as B.L.N., d/b/a Paulding Design, rather than as Pauld-ing Design, if it appeared in the arbitration, controlled the defense, actively defended the controversy, and enjoyed all the rights as the actual adverse party. Under B.L.N.’s view, the entire arbitration proceeding would have been a nullity without legal significance or res judicata effect because there was no such legal entity as Paulding Design.
To hold that an award entered against an entity under its fictitious name is *1388 per se void and unenforceable, when that entity has appeared and actively defended the claim, would run counter to the purpose of the fictitious name statute. Allowing B.L.N. to actively defend in the arbitration proceeding and raise the fictitious name defense only after losing would also run counter to the very purpose of arbitration as expressed in Koch. Here, it does not appear, based on the pleadings, that the wrong entity was sued; rather, it appears that the award was against the right entity, but improperly styled utilizing B.L.N.’s fictitious name.[2]
The trial court erred by dismissing the complaint for failure to state a cause of action. On remand, the trial court should address the issues of whether B.L.N. was the de facto party in the award against Paulding Design and whether B.L.N. waived any objection to being sued in its fictitious name by participating fully in the arbitration of the dispute. Accordingly, we reverse the dismissal of Royal’s claim and remand for the trial court to conduct proceedings consistent with this opinion.
DELL, J., and MAY, MELANIE, Associate Judge, concur.

. The fictitious name statute was not intended for the protection of corporations subject to fictitious name registration. The purpose of the fictitious name statute is to protect the public against the false indication of the character of a business by the use of certain words in the name employed by the enterprise. See Greater Miami Fin. Corp. v. Dickinson, 214 So.2d 874, 876 (Fla. 1968); see also Robinson & St. John Advertising & Pub. Relations, Inc. v. Lane, 557 So.2d 908, 909 (Fla. 1st DCA 1990) (section 865.09 designed to provide notice of identities of persons doing business under fictitious names for purpose of protecting from fraud and deceit).

. We distinguish this case from one where the wrong party was sued or where an award was entered against one legal entity, such as a wholly-owned subsidiary, and confirmation was sought against another legal entity such as the parent corporation.