862 So.2d 97 (2003)
G.B. HOLDINGS, INC., a Florida corporation, d/b/a KB Holdings, Appellant,
v.
Kathleen STEINHAUSER, K.B. Holdings, Inc. and Jack Baker, Appellees.
No. 4D02-4624.
District Court of Appeal of Florida, Fourth District.
November 19, 2003.
Rehearing Denied January 26, 2004.
*98 Susan L. Dolin and Melissa B. Lewis of Rothstein, Rosenfeldt, Dolin & Pancier, P.A., Fort Lauderdale, for appellant.
Arianne Bombalier Suarez and G. Ware Cornell, Jr., of Cornell & Associates, P.A., Fort Lauderdale, for appellee Kathleen Steinhauser.
PER CURIAM.
Kathleen Steinhauser sued K.B. Holdings, Inc. for sexual harassment and retaliatory termination. The proper name of her former employer is G.B. Holdings, Inc. d/b/a KB Holdings. K.B. Holdings, Inc. informed Steinhauser that it had no prior relationship with her and did not defend the lawsuit. Without amending the complaint, Steinhauser then served a copy of the complaint naming K.B. Holdings, Inc. as the defendant on G.B. Holdings, Inc. G.B. Holdings, Inc. informed Steinhauser that K.B. Holdings, Inc. was not its correct corporate name and suggested that Steinhauser amend her complaint to reflect the correct name. Steinhauser did not correct the error, and G.B. Holdings, Inc. did not participate in the lawsuit.
Following the entry of a default against K.B. Holdings, Inc., the case proceeded to trial and the jury awarded $75,000 in damages. Steinhauser then sought discovery in aid of execution of the judgment against G.B. Holdings, Inc. G.B. Holdings, Inc. contested this effort, stating that it was unaffiliated with the entity sued. However, the trial court ordered G.B. Holdings, Inc. to provide financial documents in aid of execution. Steinhauser then moved to amend the complaint and final judgment in the case to change the defendant's name from K.B. Holdings, Inc. to G.B. Holdings, Inc. The motion was granted and G.B. Holdings, Inc. was substituted for K.B. Holdings, Inc. in the final judgment.
G.B. Holdings, Inc. appeals both the order granting the motion to amend and the *99 order requiring it to provide financial documents in aid of execution. Because we find error as to the entry of the order amending the complaint and final judgment, we also conclude that the order requiring G.B. Holdings, Inc. to provide financial documents in aid of execution was in error.
The standard of review applicable to a motion to amend a complaint and a final judgment is abuse of discretion. Frenz Enters., Inc. v. Port Everglades, 746 So.2d 498, 503 (Fla. 4th DCA 1999); Clements Agency v. Lungstrum, 827 So.2d 360, 361 (Fla. 1st DCA 2002). It is proper to amend pleadings to conform to the evidence or in the event that amendment is necessary for the furtherance of justice. Fla. R. Civ. P. 1.190. It is proper to amend final judgments where clerical mistakes have occurred or where mistake, inadvertence, excusable neglect, newly discovered evidence, or fraud have been demonstrated. Fla. R. Civ. P. 1.540.
G.B. Holdings, Inc. contends that the trial court erred by permitting the amendment of the complaint and final judgment because it is unrebutted that G.B. Holdings, Inc. had no relationship to the entity sued. Furthermore, the amendment did not correct a mere misnomer or scrivener's error because it brought an entirely new party into the litigation at a point where a final judgment had been entered and it was too late to defend the suit.
Steinhauser counters that G.B. Holdings, Inc. had a duty to defend the lawsuit because a copy of the complaint was served on G.B. Holdings, Inc. As a result, Steinhauser argues that the entry of a default judgment was appropriate and the amendment necessary to enforce that judgment was proper, notwithstanding any misnomer.
We conclude that this was not a case of a mere misnomer that could be corrected post-judgment without prejudice to any party. A mere misnomer is defined as the misdescription of a party. Lindsey v. H.H. Raulerson Jr. Mem'l Hosp., 505 So.2d 577, 578 (Fla. 4th DCA 1987). The cases allowing post-judgment amendment in cases of mere misnomer are distinguishable from the case at bar. First, this is not a case where the entity sued and the entity intended to be sued were related companies functioning through the same management structure. See, e.g., Sexton v. Panning Lumber Co., 260 So.2d 898, 899, 903 (Fla. 4th DCA 1972). Instead, K.B. Holdings, Inc. and G.B. Holdings, Inc. were entirely separate and unrelated companies. Second, this is not a case where the intended defendant was improperly sued under its fictitious name and defended the suit in its fictitious name. See, e.g., Royal Atlantic Health Spa, Inc. v. B.L.N., Inc., 677 So.2d 1385, 1386 (Fla. 4th DCA 1996). Here, G.B. Holdings, Inc. was not even sued under its fictitious name, because that name is KB Holdings, not K.B. Holdings, Inc. Additionally, G.B. Holdings, Inc. did not appear in the proceedings.
Furthermore, permitting the amendment of the final judgment so that it could be enforced against G.B. Holdings, Inc. raises due process concerns. The United States Supreme Court has held that due process rights are offended where a party is added to a suit after an award of attorney's fees is made, because that party is not given the opportunity to contest liability before a final judgment is entered. Nelson v. Adams USA, Inc., 529 U.S. 460, 120 S.Ct. 1579, 146 L.Ed.2d 530 (2000). This concern is present in the case at bar. G.B. Holdings, Inc. was made a party to the litigation only after a default judgment was entered against K.B. Holdings, Inc., *100 and therefore, will have no opportunity to defend the case and contest liability.
In conclusion, it was an abuse of discretion for the trial court to allow Steinhauser to amend the complaint and final judgment after the entry of a default to change the name of the defendant from K.B. Holdings, Inc. to G.B. Holdings, Inc. This is not a case of mere misnomer suggesting amendment to conform to the evidence or in the interests of justice, because K.B. Holdings, Inc. is not a misdescription of G.B. Holdings, Inc., but an entirely separate corporate entity. Likewise, this is not a case of a clerical mistake or any other demonstrated grounds for amendment. This is not a case where an intended defendant was sued in a related corporate name or its fictitious name. This is not a case where the intended defendant appeared in the proceedings. Instead, this is a case where despite being told by both the party sued and the intended defendant that she had sued the wrong party, the plaintiff failed to amend the complaint to sue the proper defendant in the proper name. This is a case where an intended defendant was brought into a case as an entirely new party at the conclusion of that case and where a judgment was imposed against the party without an opportunity to defend. Accordingly, because the trial court abused its discretion, the orders allowing the amendment of the complaint and final judgment and requiring G.B. Holdings, Inc. to provide financial documents in aid of execution are reversed.
REVERSED.
GUNTHER, WARNER and MAY, JJ., concur.