DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BACK TO MIND CHIROPRACTIC,** a/a/o **DARREN COOPER**
Appellant,

v.

**GEICO GENERAL INSURANCE COMPANY,**
Appellee.

No. 4D2023-2513

[April 2, 2025]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Corey Amanda Cawthon, Judge; L.T. Case No. COINX23019185.

Chad A. Barr of Chad Barr Law, Altamonte Springs, for appellant.

Michael A. Rosenberg and Amanda H. Wasserman of Cole, Scott & Kissane, P.A., Plantation, for appellee.

GROSS, J.

In county court, Back to Mind Chiropractic a/a/o Darren Cooper sued Geico General Insurance Company on a one-count breach of contract statement of claim involving damages not exceeding $100. The county court dismissed the claim, concluding that it lacked subject matter jurisdiction. We reverse.

Geico moved to dismiss the claim because Back to Mind operated under a fictitious name, but its fictitious name registration with the Florida Department of State's Division of Corporations had expired. Geico argued that the county court lacked subject matter jurisdiction over the case because of the expired fictitious name registration, so the court lacked the power to allow an amended complaint.[1]

---

[1] Geico's attorney below was less than candid with the trial court when she argued that *General Capital Corp. v. Tel Service Co.*, 212 So. 2d 369 (Fla. 2d DCA 1968), *aff'd in part*, 227 So. 2d 667 (Fla. 1969), "stands for the proposition that [the trial court] lacks subject matter jurisdiction when a fictitious entity files suit." *General Capital* discusses neither the Fictitious Name Act nor the effect of

The county court bought into this subject matter jurisdiction argument, holding that it "lacks subject-matter jurisdiction" and that the plaintiff "may not amend the pleadings to add parties." Therefore, the county court dismissed the case "without leave to amend" and stated that the "Plaintiff shall go hence without day."

We reverse because the county court had subject matter jurisdiction over the lawsuit.

Section 865.09, the Fictitious Name Act, defines a fictitious name as "any name under which a person transacts business in this state, other than the person's legal name." § 865.09(2)(c), Fla. Stat. (2019).

"The purpose of the statute is to provide notice to one dealing with a business of the real party in interest." *Jackson v. Jones*, 423 So. 2d 972,

---

initiating a suit under an expired fictitious name registration. In *General Capital*, the Second District held, among other things, that when an appellate court temporarily relinquished jurisdiction to a trial court, "the lower Court had no jurisdiction or authority to enter any Amended Final Decree, certainly not one which materially altered the original decree" by adding individual plaintiffs to the case. *Id.* at 381–82. Similarly, the other cases cited by the county court to support the notion that it lacked subject matter jurisdiction do not stand for that proposition. *See RHPC, Inc. v. Gardner*, 533 So. 2d 312, 314 (Fla. 2d DCA 1988) (holding that even though "[c]orporations are legal entities and should sue and be sued in their corporate name . . . [,] persons who are sued by the wrong name may nevertheless appear and defend the action, and if they fail to object to the misnomer by appropriate pleading or motion they may be bound by a judgment resulting from the litigation" and "became a *de facto* party") (internal citation omitted); *Riverwalk Apartments, L.P. v. RTM Gen. Contractors, Inc.*, 779 So. 2d 537, 539–40 (Fla. 2d DCA 2000) (holding that appellee's "subsequent adoption of the same fictitious name as that employed by the [unlicensed] contractor simply did not imbue [the unlicensed contractor] with a license"); *Royal Atl. Health Spa, Inc. v. B.L.N., Inc.*, 677 So. 2d 1385, 1386–88 (Fla. 4th DCA 1996) (reversing the dismissal of appellant's application to confirm arbitration award against appellee when "the award was against the right entity, but improperly styled utilizing [appellee/defendant]'s fictitious name," because "[c]ompliance with the fictitious name statute . . . may be waived" and "[t]o hold that an award entered against an entity under its fictitious name is per se void and unenforceable, when that entity has appeared and actively defended the claim, would run counter to the purpose of the fictitious name statute"); *Robinson & St. John Advert. & Pub. Rels., Inc. v. Lane*, 557 So. 2d 908, 909–10 (Fla. 1st DCA 1990) (reversing judgment "absolv[ing] appellee from any personal liability" "based on the common law principles of agency and a strict reading of Section 865.09, Florida Statutes" because "[n]ot only did appellee fail to affirmatively disclose the true principal, she concealed it").

973 (Fla. 4th DCA 1982) (citing *Cor-Gal Builders, Inc. v. Southard*, 136 So. 2d 244 (Fla. 3d DCA 1962)).  The statute provides for registration and renewal requirement with the Division of Corporations when a person engages in business under a fictitious name.  §§ 865.09(3) & (6), Fla. Stat. (2019).

Section 865.09(9)(a) spells out the penalties for non-compliance:

> If a business fails to comply with this section, neither the business nor the person or persons engaging in the business may maintain any action, suit, or proceeding in any court of this state with respect to or on behalf of such business until this section is complied with.

§ 865.09(9)(a), Fla. Stat. (2019).

"Subject matter jurisdiction means 'the power of the court to adjudicate the class of cases to which the particular case belongs.'"  *VL Orlando Bldg. Corp. v. AGD Hosp. Design & Purchasing, Inc.*, 762 So. 2d 956, 957 (Fla. 4th DCA 2000) (quoting *Crill v. State Road Dep't*, 117 So. 795, 798 (1928)).

If a fictitiously named party files suit on an expired registration, a court has subject matter jurisdiction, upon request, to stay the case until the plaintiff complies with section 865.09.  The failure of a plaintiff to comply with that statute "does not prevent the trial court from taking jurisdiction of the cause, but it does act as an inhibition against allowing [the plaintiff] to prosecute [the] complaint until the requirements of the statute are met." *Aronovitz v. Stein Props.*, 322 So. 2d 74, 75 (Fla. 3d DCA 1975); *see also Southard*, 136 So. 2d at 246 (recognizing that the failure to comply with the Fictitious Name Statute "is not a prohibition preventing activation of the jurisdiction of the trial court, but is an inhibition to maintain an action which would arise when the infirmity is timely called to the attention of the trial judge").

We reject Geico's invitation to affirm under the tipsy coachman doctrine based on Back to Mind's alleged lack of standing.  Geico relies upon *Progressive Express Insurance Co. v. McGrath Community Chiropractic*, 913 So. 2d 1281 (Fla 2d DCA 2005), but that case turns on an assignment of benefits to a plaintiff after suit was filed.  Nothing in this record suggests that the assignment of benefits was similarly untimely.

In sum, the county court misinterpreted the legal effect of the noncompliance with the Fictitious Name Act in dismissing the statement of claim.  We reverse the order of dismissal and remand to the county court

with instructions to allow the plaintiff to file an amended complaint or statement of claim in compliance with the Fictitious Name Act.

*Reversed and remanded with instructions.*

CIKLIN and KUNTZ, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***